Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-10-00619-CV

**CITY OF LAREDO**,
Appellant

v.

Jesus Luis **VARELA** and Ana L. Varela, individually and as next friends of Erick M. Varela and Jesus Varela Jr.,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVE-001799-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  May 11, 2011

REVERSED AND RENDERED

The City of Laredo appeals the trial court's denial of its plea to the jurisdiction on the grounds of sovereign immunity. We hold the City is immune from suit and therefore reverse the trial court's order and render judgment dismissing the cause for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Jesus Luis and Ana L. Varela, individually and as next friends of Erick M. and Jesus Varela Jr., filed suit against the City of Laredo for damages arising out of a collision between

Varela's vehicle and the police car driven by Officer Robert Cortinas. The City filed a plea to the jurisdiction asserting it was immune from suit because Officer Cortinas was responding to an emergency situation and did not act with conscious indifference or reckless disregard for the safety of others. The trial court held an evidentiary hearing during which Officer Cortinas testified and a video recording from the dash-cam recorder in the officer's vehicle was introduced into evidence. The trial court denied the plea to the jurisdiction and the City filed this accelerated appeal.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A defendant's plea may challenge either the plaintiffs' pleadings or the existence of jurisdictional facts. *Id.* at 226-28. When, as here, the defendant challenges the existence of jurisdictional facts, the defendant must meet the traditional summary judgment standard of proof and establish the trial court lacks jurisdiction. If the defendant meets its burden, the plaintiff is required to show that there is a disputed material fact regarding the jurisdictional issue. *Id*. at 228. If the evidence raises a fact issue as to jurisdiction, the defendant's plea must be denied because the issue must be resolved by the trier of fact. *Id*. at 227-28. However, if the relevant evidence is undisputed or fails to present a jurisdictional fact issue, the plea should be granted as a matter of law. *Id*. at 228. In reviewing the evidence, we are required to assume the truth of all evidence that favors the nonmovant. *Id*.

## DISCUSSION

The City contends it is immune from suit and liability because Officer Cortinas was responding to an emergency and was not acting with reckless disregard of the safety of the public at the time of the accident. A governmental unit is immune from both suit and liability unless its

immunity has been waived. *See Texas Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002). Section 101.021(1) of the Texas Tort Claims Act waives immunity for claims arising from the use of a motor-driven vehicle by a governmental entity's employee. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West 2005). However, there is no waiver of immunity if the claim arises

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others ...

*Id*. at § 101.055(2). The law applicable to emergency action in this context is section 546.005 of the Texas Transportation Code, which provides that the driver of an emergency vehicle must drive "with appropriate regard for the safety of all persons," and he is not relieved of "the consequences of reckless disregard for the safety of others." TEX. TRANSP. CODE ANN. § 546.005 (West 1999). The Texas Supreme Court held that this provision "imposes a *duty* to drive with due regard for others by avoiding negligent behavior, but it only imposes *liability* for reckless conduct." *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex. 1998) (interpreting the uncodified predecessor of section 546.005).

The Supreme Court has stated that the recklessness test is designed to address concerns regarding

> the possibility of incurring civil liability for what amounts to a mere failure of judgment could deter emergency personnel from acting decisively and taking calculated risks in order to save life or property or to apprehend miscreants. The "reckless disregard" test, which requires a showing of more than a momentary judgment lapse, is better suited to the legislative goal of encouraging emergency personnel to act swiftly and resolutely while at the same time protecting the public's safety to the extent practicable.

*Martin*, 971 S.W.2d at 430 (quoting *Saarinen v. Kerr*, 84 N.Y.2d 494, 620 N.Y.S.2d 297, 644 N.E.2d 988, 992 (1994)). In *Martin*, the Supreme Court stated "[t]o recover damages resulting from the emergency operation of an emergency vehicle, a plaintiff must show that the operator has committed an act that the operator knew or should have known posed a high degree of risk of serious injury." 971 S.W.2d at 430. More recently, the Texas Supreme Court stated the terms "conscious indifference" and "reckless disregard" "require proof that a party knew the relevant facts but did not care about the result." *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006).

Officer Cortinas testified that on the night of the accident he was driving a marked police car performing his duties as a patrol officer. While on patrol he received a call that there was an officer in need of assistance. Officer Cortinas testified he activated his lights and siren and began traveling east on Victoria Street toward the officer's reported location. Officer Cortinas stated all intersections he crossed had green lights until the intersection of Flores Street and Victoria, where the accident occurred. Officer Cortinas testified the posted speed limit is thirty miles per hour on that section of Victoria Street and he noticed traffic was yielding to his patrol car or pulling over. Officer Cortinas testified he saw that the light was red at Flores and Victoria several blocks before he reached Flores Street. He stated he applied his brakes at the intersection of Convent and Victoria, the intersection immediately preceding the accident site, because he saw the red light. He stopped applying the brakes and then reapplied them when he was closer to the intersection. Officer Cortinas testified he removed his foot from the brake "because I didn't see no vehicle at the intersection. I didn't see no vehicular traffic from the — Flores street." He further stated that he looked to the right and to the left. Later in his testimony Officer Cortinas stated he did not see the white mini-van, he could not remember if he looked both ways, but that

"I always do, every time I approach an intersection." He testified he had been taught that when approaching a red light on an emergency call to slow down to whatever speed is necessary to see the intersection is clear of traffic. He further testified it is the general rule that the appropriate speed when responding to an emergency is ten miles over the posted limit.

The dash-cam recording shows he applied the brakes[1] at Victoria and Convent, and then again midway through the block between Convent and Flores. According to the clock visible on the video, he continued braking up to less than a second before the collision.

The City's undisputed evidence establishes that Officer Cortinas was responding to an emergency call with his emergency lights and siren activated. The video recording and the officer's testimony establishes he slowed as he approached the intersection where the accident occurred. Regarding whether he saw Varela's vehicle, he testified variously that he looked but did not see the other vehicle, his habit was to look both ways at an intersection, and he had no memory if he looked both ways. The evidence is sufficient to demonstrate that Officer Cortinas did not act with conscious indifference or reckless disregard for the safety of the public. Therefore, the City met its burden to establish lack of subject matter jurisdiction.

Because the City established the trial court lacked subject matter jurisdiction, the burden shifted to Varela to raise a genuine issue of material fact on whether Officer Cortinas acted with conscious indifference to or reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (West 2005). To meet his burden, Varela points to several items of evidence. First, Varela contends Officer Cortinas admitted to reckless disregard in his deposition:

> Q. Looking back at it now, you know, they say Monday morning quarterback criticizing the football team or the baseball team after the fact. I'm saying looking at it now because we know there was an accident, we can agree it was obvious

---

[1] The letter "B" appears on the video screen when the brakes are applied.

that the intersection was not clear and safe to proceed through at the time. Correct?

A. Yes.

Q. And in hindsight, playing Monday morning quarterback, if you had slowed down more, taken more time to look, looked a little bit harder, this accident might not have happened. Correct?

A. Yes.

Varela also argues Officer Cortinas did not comply with police department policy because he entered the intersection without first ascertaining that it was safe to do so.

Additionally, Varela relies upon affidavit testimony from Curtis Flynn, his accident reconstruction expert. However, the trial court sustained the City's objections to Curtis Flynn's affidavit except as to the portion of the affidavit that addressed the speed at which Officer Cortinas was traveling. In his affidavit and its attachments, Flynn asserts that twenty-three seconds before the accident Officer Cortinas was traveling at sixty-one miles per hour, and that he was traveling at forty-seven miles an hour moments before the accident. Officer Cortinas testified the speed limit on Victoria Street was thirty miles per hour. Varela also submitted photographs that indicate Varela's minivan was struck at the midsection of the vehicle, and that the officer's vehicle suffered damage primarily on the front left portion.

Varela also contends the Laredo Police Department policies raise a fact issue on Officer Cortinas's alleged recklessness. The policy requires officers to come to a complete stop at all red light traffic signals and proceed only when the officer has sufficient visibility that all traffic is clear. Finally, Varela asserts the Review Board's finding that the accident was preventable and that two members of the board found Officer Cortinas's actions "chargeable" raises a fact issue.

We hold this evidence does not raise a fact issue as to whether Officer Cortinas acted in conscious indifference to or reckless disregard for the safety of others at the time of the accident.

The undisputed evidence indicates the officer had his patrol vehicle's siren and emergency lights activated and applied his brakes as he neared the intersection. Officer Cortinas testified he continued to brake as he entered the intersection, and although he does not have a specific memory of looking both ways to make sure the intersection was clear of traffic, he always does, "every time I approach an intersection." According to the clock on the video, the accident took place less than one second[2] after the officer stopped applying his brakes, which indicates the officer was relatively close to the intersection when he stopped applying his brakes. The use of his siren, emergency lights and vehicle brakes are acts that indicate Officer Cortinas was aware of the dangers to other as he responded to the emergency call and he was not consciously indifferent to the plight of other drivers. *See Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 411-12 (Tex. App.—Fort Worth 2006, pet. denied) (holding that officers' actions were not taken with conscious indifference or reckless disregard for safety of deceased when no evidence showed that officers did not care what happened to deceased). Officer Cortinas' testimony that he didn't remember looking both ways is not evidence that he did not do so before entering the intersection. *See, e.g. Rankin v. Union Pacific R. Co.*, 319 S.W.3d 58, 65 (Tex. App.—San Antonio 2010, no pet.) (holding affiant's statement that he did not remember hearing train sound its horn before accident is no evidence train crew failed to sound horn or whistle).

Further, the department's policy that officers are required to come to a complete stop at a red light and Officer Cortinas's failure to adhere to the policy does not raise a fact issue on whether Officer Cortinas was consciously indifferent to the safety of others. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006) ("conscious indifference" and "reckless disregard" "require proof that a party knew the relevant facts but did not care about the

---

[2] Using simple math calculations, at forty-seven miles per hour a vehicle travels approximately sixty-nine feet per second.

result."). Officer Cortinas testified that he had not seen the policy for awhile and was not sure that it required an officer come to a complete stop. The department policy is not evidence relevant to whether Officer Cortinas was consciously indifferent to the safety of others because Officer Cortinas testified he had been taught to slow down to whatever speed is necessary to see the intersection is clear of traffic. Moreover, the use of his siren, emergency lights and vehicle brakes, indicate Officer Cortinas took precautions to avoid a risk of harm to others.

Varela appears to argue that because Varela's vehicle was struck in the middle and the accident occurred within one second of Officer Cortinas entering the intersection, Varela's vehicle would have been plainly visible had Officer Cortinas looked. Thus, inferring the officer did not look to see if the intersection was clear, and this failure caused the accident.

Although we are to indulge in all reasonable inferences favorable to the non-movant, the manner in which the accident occurred in this case does not raise a fact question on the issue of whether Officer Cortinas "knew the relevant facts but did not care about the result." *Hartman*, 201 S.W.3d at 672 n.19. Our decision is consistent with numerous other cases in which the courts sustained either a summary judgment or plea to the jurisdiction where a driver responding to an emergency collided with a vehicle at an intersection. *See*, e.g., *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding evidence there was a blind intersection, that plaintiff's vehicle sustained damage, and conclusory statements that the officer was driving at a high rate of speed was insufficient to raise fact issue); *City of San Angelo Fire Dept. v. Hudson*, 179 S.W.3d 695, 701-02 (Tex. App.—Austin 2005, no pet.) (holding no evidence of reckless disregard for safety of others when officer entered intersection without stopping and witness did not hear brakes being applied); *Smith v. Janda*, 126 S.W.3d 543, 545-46 (Tex. App.—San Antonio 2003, no pet.) (holding that evidence insufficient to establish

recklessness when ambulance driven to emergency with lights and sirens activated as it approached intersection, other drivers at intersection could hear and see sirens and lights, and ambulance driver slowed down and looked around and then proceeded into intersection without coming to complete stop). Likewise, the evidence of speeding, the failure to comply with the department's policy, and Officer Cortinas's testimony during the deposition do not create a fact issue as to whether his actions were taken with conscious indifference or reckless disregard for the safety of others. *See City of Arlington v. Barnes*, No. 2-07-249-CV, 2008 WL 820385, *4 (Tex. App.—Fort Worth Mar. 27, 2008, pet. denied) (mem. op.) (holding violation of City policies and Transportation Code, and fact officer received a written reprimand did not raise fact issue on reckless disregard).

We reverse the order of the trial court that denied the City's plea to the jurisdiction and render judgment dismissing the case for lack of subject matter jurisdiction.

Steven C. Hilbig, Justice