Leticia **RODRIGUEZ** and Napoleon Rodriguez, Individually, and as Next Friends of Christopher Rodriguez, A Minor, and Leticia Patrice Rodriguez, A Minor, Appellants,

v.

**UNITED VAN LINES, INC.,** d/b/a United Van Lines, Appellee.

No. 04–98–01046–CV.

Court of Appeals of Texas, San Antonio.

Jan. 19, 2000.

**383**

Dennis C. Peery, Tyler & Peery, San Antonio, for appellant.

Robert A. Valadez, Mark A. Giltner, Shelton & Valadez, P.C., Ellen B. Mitchell, Crofts, Callaway & Jefferson, P.C., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

Leticia and Napoleon Rodriguez ("Appellants") challenge the trial court's directed verdict in favor of United Van Lines, Inc. ("UVL"). In two issues, appellants argue the trial court erred in granting the directed verdict and in denying their motion for new trial. After reviewing the record in the light most favorable to the appellants, we hold the trial court's grant of the directed verdict was proper and therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Mrs. Rodriguez sustained injuries in a car accident on November 8, 1995 in San Antonio, Texas, when another driver, Jeffrey Caleb ("Caleb"), rear-ended her vehicle. At trial, both Mrs. Rodriguez and Caleb, no longer a party to the suit, testified that a truck bearing the insignia "United Van Lines" failed to yield, causing the ensuing accident. At the close of appellants' case, UVL moved for a directed verdict on the grounds that appellants failed to establish that UVL, based in Fenton, Missouri, was responsible for the accident. At the hearing on its motion for directed verdict, UVL argued that it owned only two trucks, both located in Missouri. Finding no evidence supporting ownership of the vehicle in question, the trial court granted a directed verdict for UVL, from which appellants now appeal.

## STANDARD OF REVIEW

We review challenges to a directed verdict in the light most favorable to the person suffering an adverse judgment. *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex.1996). Disregarding all contrary evidence and inferences, we must determine whether there is any evidence to raise a fact issue. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994); *Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex.1986). If the record contains any probative and conflicting evidence on a material issue, the jury must determine the issue. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983).

## DIRECTED VERDICT

At the heart of their argument, appellants contend the "Branded Vehicle Doctrine" raises enough evidence of ownership to support submitting the issue of liability to the jury. Well recognized in Texas, the Branded Vehicle Doctrine establishes that when a vehicle displays the markings of an individual or a corporation, one may conclude that the named party is

**384**

the owner of the vehicle and the driver is the agent for the named party. *Empire Gas & Fuel Co. v. Muegge*, 135 Tex. 520, 143 S.W.2d 763, 767 (1940); *Kimbell Milling Co., v. Marcet*, 449 S.W.2d 100, 103 (Tex.App. -San Antonio 1969, no writ). However, whether analyzed in terms of a permissive inference or a rebuttable presumption, the indicia of ownership which arises from the mere vehicle logo is not conclusive. *Marcet*, 449 S.W.2d at 103–04.

■ Applying these principles, appellants argue the positive identification of the truck's "United Van Lines" brand raised enough evidence of ownership by UVL. To justify the imposition of vicarious liability in the instant case, appellants offered evidence that UVL supplies its agents, over five hundred across the country, with operating instructions in the form of manuals, training guides, and marketing and advertising guidelines. However, as noted by the trial court at the hearing on the motion for directed verdict, appellants failed to introduce any probative evidence from which the jury could reasonably infer that UVL based in Missouri owned the truck involved in the San Antonio collision. While appellants argue the Branded Vehicle Doctrine supplies enough evidence of ownership, we recognize without disregarding our standard of review, the very nature of the doctrine contemplates that the opposing party may bring forth evidence to refute ownership. *See Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 358 (Tex.1971)(conducting a review of both the evidence in support of the Branded Vehicle Doctrine as well as the facts to rebut the doctrine in the context of a judgment notwithstanding the verdict). Here, UVL presented evidence to show that the only two trucks it owned were not operating in the San Antonio area at the time of the accident. Further, although UVL provides support to and receives some monetary benefit from its agents, appellants failed to provide any evidence that UVL authorized the trip of the truck involved in the collision. In light of this evidence, UVL effectively rebutted the Branded Vehicle Doctrine, leaving appellants with no evidence in support of their claim. Accordingly, we overrule appellants' first issue.

### MOTION FOR NEW TRIAL

■■ We review a trial court's ruling on a motion for new trial under an abuse of discretion standard of review. *Washington v. McMillan*, 898 S.W.2d 392, 394 (Tex.App.-San Antonio 1995, no writ). A trial court abuses its discretion when it acts unreasonably or without regard for any guiding legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985).

In their second issue, appellants argue the trial court abused its discretion in overruling their motion for new trial. Because the record shows appellants wholly failed to bring forth any affirmative evidence that UVL owned the truck in question, no abuse of discretion occurred in overruling appellants' motion for new trial. We overrule appellants' second issue.

The judgment of the trial court is affirmed.