COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 SANTOS MARTINEZ SALAZAR AND WIFE, MARIA G.
 MARTINEZ,
  
                            
 Appellants,
  
 v.
  
 LESVIA AZUCENA RAMOS AND MAVERICK COUNTY
 INSURANCE AGENCY, INC.,
  
                            
 Appellees.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
 ' 
  
 
 
  
  
                   No. 08-10-00206-CV
  
 Appeal from the
  
 293rd
 District Court 
  
 of
 Maverick County, Texas
  
 (TC#09-02-24170-MCV-A)
  
 
 


 

 

                                                                  O
P I N I O N

After Santos Martinez Salazar suffered
injuries in a motor-vehicle accident, Salazar and his wife, Maria G. Martinez,
Appellants, filed suit against Lesvia Azucena Ramos, Maverick County Insurance
Agency, Inc. (Maverick Insurance), Elizondo Trucking, Eusebio Elizondo
(Elizondo), Selicita Elizondo, and Cross-Plaintiff Roberto Perez Medina
alleging negligence, gross negligence, and fraud, and seeking to establish
liability under the alter ego, single-business enterprise, and branded-vehicle
doctrines.  Ramos and Maverick Insurance,
Appellees, sought and obtained a hybrid no-evidence and traditional summary
judgment.  Appellants filed this appeal
alleging trial court error.  We affirm.

                                                               BACKGROUND

Factual History








On or about February 28, 2007, Appellant
Salazar was a passenger in Cross-Plaintiff Medina’s vehicle as they traveled on
a highway in Coahuila, Mexico.  A
tractor-trailer displaying a brand and logo for Elizondo Trucking struck
Medina’s vehicle, forcing it off the road and into a creek.  The tractor-trailer driver allegedly stopped,
failed to render aid or assistance, and left the scene of the accident.  After Mexican authorities and emergency
personnel arrived, Medina and Appellant Salazar were both transported by
ambulance to a hospital with injuries.

Generosa Davila and Appellee Ramos serve,
respectively, as President and Vice-President of Appellee Maverick Insurance.  Maverick Insurance is operated out of Eagle
Pass, Texas, and offers insurance policies to Mexican commercial carriers
driving in the permitted commercial zones of the United States but does not
offer policies providing liability insurance coverage to those carriers while
driving in Mexico.  According to Ramos, a
quote is accepted if the customer signs an application and Maverick collects
the insurance premium from the customer. 
On or about March 7, 2002, and July 10, 2003, Maverick Insurance
provided to Elizondo Trucking an insurance quote for liability coverage while
operating within the United States but Elizondo Trucking rejected both quotes.

Periodically, Davila and Ramos also provide
services unrelated to insurance including assisting primarily Spanish-speaking
customers by completing forms and translating documents for a nominal or no charge
and serving as registered agents for process, a role which Ramos understood to
be limited to receiving court documents and conveying them to the proper person
or entity.

In 2002, several weeks after Elizondo
Trucking rejected Maverick’s March insurance quote, Davila provided translation
and form-completion services to Eusebio Elizondo in relation to the completion
of an “Application for Certificate of Registration for Foreign Motor Carriers
and Foreign Motor Private Carriers,” a form which was required to be completed
in English and submitted to obtain authorization to transport property within
the commercial zones near the United States and Mexico border.  However, the application was rejected because
it failed to designate a registered agent and because submission of a newer
form was required, which was offered in both English and Spanish.  Elizondo did not request that Maverick
Insurance, Davila, or Ramos correct the original application, and Ramos did not
know who completed the new form for Elizondo. 
Ramos later discovered that Elizondo had listed her as its registered
agent for service of process when the United States Department of Transportation
(USDOT) began sending letters to Elizondo Trucking, with copies addressed to
Ramos at Maverick Insurance’s former mailing address.  Some of those letters were sent directly to
Elizondo Trucking in Coahuila, Mexico.  Ramos
did not know who designated her as registered agent for Elizondo Trucking but
proceeded to inform Elizondo Trucking about the letters and asked that it
refrain from using Maverick Insurance’s address.

In October 2004, Ramos assisted Eusebio
Elizondo with the completion of a tax application for a fuels tax license, and a
standard carrier alpha code application required by U.S. Customs.  At that time, Ramos asked Elizondo to remove
her as Elizondo Trucking’s registered agent. 
Elizondo allegedly complied with Ramos’ request but the change was never
processed. Ramos thereafter continued to inform Elizondo that she was
continuing to receive correspondence from the Federal Motor Carrier
Administration.

In 2006, Ramos assisted Elizondo with the completion
of an amendment to a form for single state registration.  Ramos had no other communication with
Elizondo until she was served with the instant lawsuit, after which she verified
that she had been named Elizondo Trucking’s registered agent for process.  Ramos notified Elizondo about the suit, and
delivered the papers to Elizondo’s representative.  Elizondo again completed a change of
registered-agent form but continued to list Maverick Insurance’s address.  Ramos asked Elizondo to correct the form,
after which the Federal Motor Carrier Administration processed the change.

Elizondo never purchased an insurance policy
from Maverick Insurance.  Maverick
Insurance did not share or have in common any employees, offices, accounting,
business names, or allocation of profits with Elizondo Trucking.  Ramos had no interest, ownership, or control
over Elizondo Trucking or its employees. 
Prior to the filing of the suit, Ramos did not know Appellants or
Cross-Plaintiff Medina.  Neither Ramos
nor Maverick Insurance own the tractor trailer involved in the accident and
Maverick Insurance does not employ any persons involved in the accident.

Procedural History

In their first amended original petition,
Appellants assert that the tractor-trailer involved in the accident was owned
by Elizondo Trucking and operated by the driver in his capacity as Elizondo
Trucking’s agent, servant, or employee. 
Appellants allege that Elizondo Trucking registered its physical address
in Eagle Pass, Texas so that it could obtain permission from the United States
and the State of Texas to engage in the trucking industry and interstate
commerce for a profit.  They further
contend that Ramos and Maverick Insurance are principals and agents of Elizondo
Trucking and failed to implement, promulgate, mandate, and enforce appropriate
safety measures to ensure the safe operation of Elizondo Trucking’s vehicles in
violation of a duty owed to the general public, including Appellant
Salazar.  Appellants alleged that
Appellees represented to state and federal authorities not only that Elizondo
Trucking was a “proper and compliant entity to operate as a licensed motor
carrier” in Texas and the United States, but that it would abide by Texas and
federal rules governing commercial motor carriers, and would at all times be
financially responsible for damages caused by its commercial vehicles as
required in Texas and the United States. 
Appellants alleged that Appellees made false representations to state
and federal agencies and to the public at large to induce detrimental reliance
upon such statements.  Appellants further
assert that, in return, Appellees were to make money from the sale of a
commercial vehicle insurance policy to Elizondo Trucking without honoring their
responsibility to monitor and ensure Elizondo Trucking’s compliance with state
and federal laws.  According to
Appellants, Ramos and Maverick Insurance’s negligence, gross negligence, and
fraud proximately caused Appellants’ injuries and damages.  Appellants sought to impose liability upon
Appellees under the alter-ego, single-business enterprise, and branded-vehicle
doctrines.

Appellees filed a hybrid motion for summary
judgment to which Appellants responded.  In
their no-evidence summary-judgment motion, Appellees alleged: (1) that Appellants’
negligence claim fails because Appellees owed no duty to Appellants and
Cross-Plaintiff Medina, and because there is no evidence to show Appellees’
actions were the sole proximate cause of the vehicular accident in Mexico; (2)
that Appellants’ gross-negligence claim fails because one’s conduct cannot be
grossly negligent without also being negligent; (3) that Appellants’ fraudulent-misrepresentation
cause of action fails because Appellees made no fraudulent misrepresentation to
either Appellants or Cross-Plaintiff Medina with the intention that they act
upon it and because Appellants failed to prove that the alleged
misrepresentation causes the complained-of injury; and (4) that the branded-vehicle
doctrine fails because the truck which struck Appellant Salazar and Cross-Plaintiff
Medina did not belong to Appellees.  In
their traditional summary-judgment motion, Appellees argued that the alter-ego doctrine
was inapplicable to them because it requires proof of fraud, which Appellants
failed to prove, and that the single-business entity doctrine is no longer
recognized in Texas as a vehicle by which liability may be imposed upon them.

The trial court entered summary judgment without
specifying the grounds upon which it relied, severed Appellees from Appellants’
claims against the remaining defendants, and dismissed with prejudice all
claims against Appellees.

DISCUSSION

Because the trial court severed Appellants’
claims against Appellees from their claims against the Elizondos and Elizondo
Trucking and rendered a final judgment in favor of Appellees, we have
jurisdiction to consider Appellants’ issues. 
Harris County Flood Control Dist.
v. Adam, 66 S.W.3d 265, 266 (Tex. 2001) (trial court’s severance
order was final because it disposed of all parties and issues in the severed
cause).

Findings of Fact Not Considered in Summary
Judgment

Preliminarily, we address the role of
findings of fact in summary judgment proceedings in the trial court and in our review
of summary judgment on appeal.

In their statement of facts, Appellees
attempt to “incorporate the unchallenged Findings of Fact issued by the
Court[.]”  Appellees objected to
Appellants’ request for findings of fact and conclusions of law and filed their
own proposed findings and conclusions under objection.  The trial court “granted” Appellees’
objections and entered no findings or conclusions.

The Texas Supreme Court has long held that
findings of fact and conclusions of law are not appropriate in a
summary-judgment proceeding because “if summary judgment is proper, there are
no facts to find, and the legal conclusions have already been stated in the
motion and response.”  IKB Industries (Nigeria) Ltd. v. Pro-Line
Corp., 938 S.W.2d 440, 441 (Tex. 1997); Eland
Energy, Inc. v. Rowden Oil & Gas, Inc., 914 S.W.2d 179, 188 n.7
(Tex.App.--San Antonio 1995, writ denied). 
An appellate court is not to consider the findings of fact which a trial
court makes in relation to a summary judgment. 
IKB Industries (Nigeria) Ltd.,
938 S.W.2d at 441.  Consequently, we do
not consider any findings of fact that may exist in the record before us.

Standard of Review

Appellants raise three issues for our
consideration, each alleging that the trial court erred in granting Appellees’
motions for summary judgment.  We review
a trial court’s summary judgment de novo.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  Our review is limited to consideration of the
evidence presented to the trial court.  Mathis
v. Restoration Builders, Inc., 231 S.W.3d 47, 52 (Tex.App.--Houston [14th
Dist.] 2007, no pet.).  When a summary
judgment does not state or specify the grounds upon which it relies, we may
affirm the judgment if any of the grounds presented in the summary-judgment
motion are meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989); Prize Energy Resources, L.P.
v. Cliff Hoskins, Inc., 345 S.W.3d 537, 556 (Tex.App.--San Antonio 2011, no
pet.).

When a party files a hybrid summary-judgment
motion on both no-evidence and traditional grounds, we first review the trial
court’s judgment under the no-evidence standard of review.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004); All American Telephone, Inc. v. USLD Communications,
Inc., 291 S.W.3d 518, 526 (Tex.App.--Fort Worth 2009, pet. denied); East
Hill Marine, Inc. v. Rinker Boat Co., 229 S.W.3d 813, 816 (Tex.App.--Fort
Worth 2007, pet. denied).  If the
non-movant failed to produce more than a scintilla of evidence under the
standards of Rule 166a(i), then there is no need to analyze whether the movant’s
summary-judgment proof satisfied the less stringent burden set forth for
traditional summary judgment under Rule 166a(c).  Tex.
R. Civ. P. 166a(c) & (d); East Hill Marine, Inc., 229 S.W.3d
at 816.

A no-evidence motion for summary judgment
under Rule 166a(i) is essentially a motion for a pretrial directed
verdict.  Tex. R. Civ. P. 166a(i); Timpte Industries, Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009); Rankin
v. Union Pac. R. Co., 319 S.W.3d 58, 67 (Tex.App.--San Antonio 2010, no pet).  After an adequate time for discovery, a party
without the burden of proof may, without presenting evidence, seek summary
judgment on the ground that there is no evidence to support one or more
essential elements of the non-movant’s claim or defense.  Tex.
R. Civ. P. 166a(i); All American Telephone, Inc., 291 S.W.3d at
526.  The motion must specifically state
the elements for which there is no evidence. 
Tex. R. Civ. P. 166a(i); Timpte
Industries, Inc., 286 S.W.3d at 310; All American Telephone, Inc.,
291 S.W.3d at 526.  The Supreme Court has
explained that Texas Rule of Civil Procedure 166a(i) does not permit conclusory
or general no-evidence challenges.  Timpte
Industries, Inc., 286 S.W.3d at 310. 
This requirement serves the purposes of providing adequate information
to the opposing party by which it may oppose the motion and defining the issues
to be considered for summary judgment.  Timpte
Industries, Inc., 286 S.W.3d at 311, quoting Westchester Fire Ins. Co
v. Alvarez, 576 S.W.2d 771, 772 (Tex. 1978).  The trial court is required to grant the no-evidence
motion unless the nonmovant produces summary-judgment evidence that raises a
genuine issue of material fact regarding each challenged element. Tex. R. Civ. P. 166a(i); Ford Motor Co., 135 S.W.3d at 600.

In conducting our no-evidence
summary-judgment review, we will “review the evidence presented by the motion
and response in the light most favorable to the party against whom the summary
judgment was rendered, crediting evidence favorable to that party if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could
not.”  Timpte Industries, Inc.,
286 S.W.3d at 310, quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572,
582 (Tex. 2006).  A genuine issue of
material fact exists when more than a scintilla of evidence establishing the
existence of the challenged element is produced.  Ford
Motor Co., 135 S.W.3d at 600.  More
than a scintilla of evidence exists when the evidence rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  However, less than a scintilla of evidence
exists when the evidence is so weak that it does no more than create a surmise
or a suspicion of a fact.  Id.  A fact question exists when the summary
judgment record contains inconsistent or conflicting summary-judgment
proof.  Rankin, 319 S.W.3d at 67.  When a nonmovant presents more than a
scintilla of probative evidence that raises a genuine issue of material fact, a
no-evidence summary judgment is improper. 
Smith v. O=Donnell,
288 S.W.3d 417, 424 (Tex. 2009); compare
Ford Motor Co., 135 S.W.3d at 600 (trial court properly granted summary
judgment where plaintiffs failed to produce more than a scintilla of evidence
on an essential element of their claim).

A party moving for traditional summary
judgment bears the burden of showing that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c).  To determine
if the non‑movant raises a fact issue, we review the evidence in the
light most favorable to the non‑movant, crediting favorable evidence if reasonable
jurors could do so, and disregarding contrary evidence unless reasonable jurors
could not.  See Fielding, 289
S.W.3d at 848, citing City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).  A defendant who conclusively negates a single
essential element of a cause of action or conclusively establishes an
affirmative defense is entitled to summary judgment on that claim.  Frost Nat. Bank v. Fernandez, 315
S.W.3d 494, 509 (Tex. 2010).

Alleged Error

1.  Negligence, Gross Negligence, Duty, Proximate Cause, Branded-Vehicle
Doctrine

In Issue One, Appellants contend the trial
court erroneously granted Appellees’ no-evidence motion for summary judgment on
Appellants’ negligence and gross-negligence claims because the evidence raised
a material fact question on the issues of duty and proximate cause.  Appellants also assert that the summary-judgment
evidence and the branded-vehicle doctrine raise a fact question that Elizondo
Trucking caused the underlying accident in Mexico.

We first address Appellants’ negligence
contentions.  A cause of action for
negligence has three elements: (1) a legal duty; (2) a breach of that duty; and
(3) damages proximately resulting from the breach.  Praesel v. Johnson, 967 S.W.2d 391,
394 (Tex. 1998).  The threshold question,
of course, is the existence of a duty.  Id.  The existence of duty is a question of
law.  Joseph
E. Seagram & Sons, Inc. v. McGuire, 814 S.W.2d 385, 387 (Tex. 1991).   If no duty exists, our inquiry into
whether negligence liability may be imposed ends.  Van Horn v. Chambers, 970 S.W.2d 542,
544 (Tex. 1998).

In their no-evidence summary-judgment
motion, Appellees first alleged that no evidence establishes that Appellees
owed a legal duty to Appellants. 
Appellees then asserted that if a duty was owed, Appellants’ evidence
failed to show that Appellees’ actions or omissions proximately caused the vehicular
accident in Mexico resulting in the complained-of injuries to Salazar and
Cross-Plaintiff Medina.  Appellees
specifically contended that: (1) no duty was owed to Salazar, Cross-Plaintiff
Medina, or Elizondo Trucking because Appellees were not insurance agents for
any of these parties; (2) no duty is owed by insurance agents to the general
public for providing insurance quotes to a potential insured; (3) no duty is
owed by insurance agents “to verify, ensure, and/or demand” that a non-client,
such as Elizondo Trucking, complies with federal and state laws; (4) no duty arose
as a result of Ramos’ status as a registered agent for process under 49 C.F.R.
366.1; and (5) that no evidence exists to establish either that Appellees were the
sole proximate cause of the vehicular accident that occurred in Mexico or that Maverick’s
providing an insurance quote to Elizondo Trucking and Ramos’ act of serving as
a registered agent for process constituted a “substantial factor” to meet the
element of proximate cause.  49 C.F.R.
366.1 (2012).  Such acts were, Appellees
argued, too remotely connected to the accident and injuries occurring in Mexico.

As non-movants, Appellants were required to
produce more than a scintilla of evidence regarding the challenged duty and
proximate cause elements of their negligence claim.  Smith, 288 S.W.3d at 424.  In their response to the summary-judgment
motion, Appellants contended that Ramos and Maverick Insurance assumed a duty
to warn them of dangers or to seek to stop the illegal violations of “the motor
carrier” involved in the vehicle accident in Mexico, that the assumption of
this alleged duty increased the risk of injury to Appellants, and that
Appellants relied on Ramos and Maverick to render appropriate warnings or to
take action to stop “the motor carrier.” 
Appellants also asserted: (1) that Appellees had a duty “not to make
misrepresentations to the government and to correct any untrue information;”
(2) that Ramos and Davila’s acts regarding Elizondo Trucking were made within
the course and scope of their employment, agency, and status as officers with Maverick
Insurance; (3) that Appellants relied upon representations made by Ramos, Maverick
Insurance, and Elizondo Trucking that “they” would comply with United States
safety regulations; and (4) that insurance agents and agencies, including Appellees,
owed a duty to the general public, including Salazar and Cross-Plaintiff
Medina, to refrain both from making misrepresentations and from aiding, abetting,
encouraging, or requiring “a motor carrier or its employees” to violate federal
rules and regulations governing motor-carrier safety.

Appellants also asserted that an insurance
agent has a duty to take action when the agent knows that the forms which it
completes on behalf of another are false or inaccurate, and that it has a duty
to contact the regulating agency to report inappropriate or illegal acts to
prevent the “motor carrier” from continuing operations.  Because Appellees undertook actions that were
outside the duties of a process agent by aiding Elizondo Trucking to obtain
authority to operate in the United States and certified on forms that Elizondo
Trucking would comply with federal motor-carrier safety and insurance
regulations, and because Elizondo Trucking had not complied with United States
safety and insurance regulations, Appellants contend that Appellees breached their
duties.  Appellants also assert that
Appellees breached these alleged duties because they received letters from the
U.S. Department of Transportation informing them that Elizondo Trucking lacked
proof of insurance, that an Elizondo Trucking vehicle was being operated by an
unlicensed driver, and that Elizondo Trucking was not operating in compliance
with federal regulations, but did not take any action to stop Elizondo Trucking
from operating in violation of these safety and insurance requirements.  Consequently, Appellants argued, Appellees
aided and abetted Elizondo Trucking in its efforts to operate in violation of
regulation, in breach of their alleged duties.

In addressing the proximate cause element of
negligence, Appellants asserted that “it is certainly foreseeable to Ramos and
[Maverick Insurance] that their participation in allowing Elizondo Trucking to
continue to operate in violation of the safety and insurance regulations . . .
would lead to the wreck caused by Elizondo Trucking where the injured party
would not have the benefit of insurance coverage for Elizondo Trucking.”  Appellants likewise claimed that Appellees’ “continuing
to allow Elizondo Trucking to operate in [a] reckless and unsafe manner” and
their failure to notify appropriate authorities “directly contributed to the
means under which Elizondo Trucking was operating on the day of the
wreck.”  According to Appellants, “[B]ut
for  Ramos and [Maverick Insurance]’s breach
of the duties to warn of unsafe operation owed to [Salazar and Cross-Plaintiff
Medina], Elizondo Trucking would not have been in operation in Texas and near
the border at or near the time of the wreck and/or would have had insurance
coverage to cover Elizondo Trucking’s negligent operation of their truck.”  This alleged breach was, Appellants
contended, a proximate cause of their injuries.

Having viewed the evidence presented by the summary-judgment
motion and response in the light most favorable to Appellants, crediting
evidence favorable to Appellants if reasonable jurors could and disregarding
contrary evidence unless reasonable jurors could not, we find that Appellants
failed to produce more than a scintilla of probative evidence to raise a
genuine issue of material fact regarding the element of duty in support of
their claim of negligence against Appellees. 
King Ranch, Inc., 118 S.W.3d
at 751; Rankin, 319 S.W.3d at
62-63.  Because Appellants failed to establish
the existence of a legal duty, we do not reach their assertions that the
summary-judgment evidence established genuine issues of material fact exist regarding
proximate cause and gross negligence.  See Van
Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998) (where no duty is
established, negligent liability need not be addressed); Wortham v. Dow Chemical Co., 179 S.W.3d 189, 201 (Tex.App.--Houston
[14th Dist.] 2005, no pet.) (because appellants’ negligence claims fail, their
gross-negligence claims fail also because a finding of ordinary negligence is a
prerequisite to finding gross negligence).

Appellees’ no-evidence summary-judgment
motion also alleged that Appellants attempts to establish liability based upon
the presumption permitted under the branded-vehicle doctrine, which provides
that one may conclude that a vehicle displaying the markings of an individual
or corporation is the owner of the vehicle and its driver is an agent for the
named party, was unsupported by any evidence. 
See Empire Gas & Fuel Co. v. Muegge,
135 Tex. 520, 143 S.W.2d 763, 767 (1940); Rodriguez
v. United Van Lines, Inc., 21 S.W.3d 382, 383-84 (Tex.App.--San Antonio
2000, pet. denied).  Appellants responded
and argued, in toto, “The
semi-tractor trailer in question had the markings and brand of Elizondo
Trucking upon it.”  In their brief,
Appellants argue that under the branded-vehicle doctrine, the fact that
Elizondo Trucking’s tractor-trailer caused the accident in Mexico is established.  Assuming, without deciding, that this is an
accurate assertion, we remain unpersuaded by Appellants’ argument that the
branded-vehicle doctrine barred summary judgment because “Appellees’ conduct in
assisting Elizondo Trucking to obtain and maintain approval to operate in the
commercial zone proximately caused the accident[.]”  There is no evidence which supports a finding
that the doctrine is applicable to either Ramos or Maverick Insurance.

We conclude the trial court did not err in
granting Appellees’ no-evidence motion for summary judgment on Appellants’
negligence and gross negligence claims, and did not err in dismissing with
prejudice all claims against Appellees, including those asserting the applicability
of the branded-vehicle doctrine.  See Smith,
288 S.W.3d at 424.  Issue One is
overruled.

2.  Fraudulent Misrepresentation

In Issue Two, Appellants complain that the
trial court erroneously granted Appellees’ no-evidence summary-judgment motion
on Appellants’ fraud claim because Appellees knowingly or recklessly made
material representations to federal and state authorities regarding Elizondo
Trucking’s compliance with safety and insurance regulations.  Appellants assert that they relied upon
Davila, Ramos, Maverick Insurance, and Elizondo Trucking to provide truthful
and accurate information to the authorities and reasonably believed “the
authorities have made sure the truck complies with the necessary safety and
insurance regulations . . . based upon the representations [made] by
Appellees.”

The elements of fraud are: (1) that a
material representation was made; (2) the representation was false; (3) when
the representation was made, the speaker knew it was false or made it
recklessly without any knowledge of the truth and as a positive assertion; (4)
the speaker made the representation with the intent that the other party should
act upon it; (5) the party acted in reliance on the representation; and (6) the
party thereby suffered injury.  Aquaplex, Inc. v. Rancho La Valencia, Inc.,
297 S.W.3d 768, 774 (Tex. 2009); Dynegy,
Inc. v. Yates, 345 S.W.3d 516, 529 (Tex.App.--San Antonio 2011, no pet.).

In its no-evidence summary-judgment motion, Appellees
argued that they made no representations to Appellants or Cross-Plaintiff
Medina as they did not know them.  Appellees
also challenged Appellants’ claim that Elizondo Trucking’s use of Appellees’
mailing address without permission and Appellees’ failure to inform the
appropriate authority of Elizondo Trucking’s improper use of their mailing
address constituted a misrepresentation to the federal authority.  Appellees argued that Appellants’ evidence failed
to establish that Appellees made a representation to Appellants with the intent
that Appellants should act upon the misrepresentation and that “the
representation caused the injury.”

In their response, Appellants argued that
evidence showed:  (1) Appellees, as or
through its agents, employees, or officers, made a material representation to
the regulating agencies and the traveling public, including Appellants, when
writing, endorsing, or submitting an oath to comply with United States
regulations; (2) compliance with said regulations did not occur, rendering Appellees’
representation false; (3) when Appellees made the representation, they knew it
to be false or made it recklessly because Appellees knew or should have known
that Elizondo Trucking did not have insurance after Eusebio Elizondo informed
Appellees that he needed insurance; (4) Appellees made the representation with
the intention that the public, including Appellants and Cross-Plaintiff, should
rely upon it; (5) Salazar and Cross-Plaintiff Medina acted in reliance upon Appellees’
representation of compliance with federal regulations; and (6) Appellees’ failure
to comply with the federal regulations resulted in the vehicular accident and
caused the complained-of injuries and damage. 
Appellants then conclude that there is “more than a scintilla of
probative evidence that raises a genuine issue of material fact as to whether
[Appellees] made a fraudulent misrepresentation.”

After reviewing the evidence before the
trial court, we find Appellants failed to produce more than a scintilla of
probative evidence to raise a genuine issue of material fact regarding any
element to support their claim of fraud against Appellees.  King
Ranch, Inc., 118 S.W.3d at 751; Rankin,
319 S.W.3d at 62-63.  Because the trial
court did not err in granting summary judgment on Appellants’ claim of fraud
against Appellees, Issue Two is overruled.

3.  Alter-Ego,
Single-Business Enterprise, Joint-Enterprise Liability Doctrines

As we have determined that Appellants failed
to produce more than a scintilla of evidence under the standards of Rule
166a(i) to defeat the no-evidence summary judgment and that the trial court was
required to grant Appellees’ no-evidence summary-judgment motion, we need not
analyze whether the Appellants’ summary-judgment proof satisfied the
less-stringent burden set forth for traditional summary judgment under Rule
166a(c).  Tex. R. Civ. P. 166a(c), (d), (i); East Hill Marine, Inc.,
229 S.W.3d at 816.

However, in Issue Three, Appellants complain
that the trial court erred in granting traditional summary judgment under the
single-business enterprise or joint-enterprise liability doctrines because
Appellees did not move for summary judgment on those grounds as raised in
Appellants’ first-amended original petition.

A movant for summary judgment must state the
grounds on which the motion is made.  Tex. R. Civ. P. 166a(c); McConnell v. Southside ISD, 858 S.W.2d
337, 341 (Tex. 1993).  A trial court
cannot grant a summary judgment motion on grounds not presented in the
motion.  Timpte Industries, Inc., 286 S.W.3d at 310.  We are not permitted to consider on appeal as
grounds for reversal any issue not expressly presented to the trial court by written
motion, answer, or other response.  Tex. R. Civ. P. 166a(c).

Our review of the record reveals that in
their traditional summary-judgment motion, Appellees specifically stated that
the alter-ego doctrine failed to support liability for reasons cited therein
and that the single-business entity doctrine is no longer a recognized doctrine.
 Appellees did not address their
single-business entity doctrine grounds in a separately numbered ground as
Appellants did in their first amended original petition but instead addressed
it in tandem with their discussion of alter ego under the heading, “No Evidence
to Support Liability Under Alter Ego Doctrine.” 
Thereunder, Appellees compared the alter-ego and the single-business
entity doctrines and asserted that Appellants and Cross-Plaintiff Medina had
confused the doctrines.  Appellees correctly
noted that the two doctrines are not synonymous and additionally showed that
the Texas Supreme Court has completely rejected the single-business entity
doctrine as a valid mechanism for piercing the corporate veil and imposing
liability in Texas.[1]
 See
SSP Partners v. Gladstrong Inv. (USA) Corp., 275 S.W.3d 444, 455-56 (Tex.
2008) (the single-business enterprise liability theory will not support the
imposition of one corporation’s obligations on another as creation of
affiliated corporations to limit liability while pursuing common goals is
firmly within the law and commonplace).

We disagree with Appellants’ assertion that
Appellees failed to seek a traditional summary judgment on grounds challenging
the applicability of the single-enterprise doctrine.  We additionally note that Appellants’
summary-judgment response neither alleges such omission nor contains any
objection thereto.  Instead, under the
heading, “Genuine Issue of Material Fact Exists as to the Alter Ego/Single
Business Enterprise Claims,” Appellants countered Appellees’ arguments and
discussed at length that the single-business enterprise doctrine remained
valid, recognized, and applicable to bar Appellees’ motion for summary judgment.

Because we find that Appellees properly sought
summary judgment on Appellants’ single-business enterprise claim, the trial
court did not grant Appellees more relief than they requested.  Tex.
R. Civ. P. 166a(c); McConnell,
858 S.W.2d at 341; see SSP Partners,
275 S.W.3d at 455-56.

Appellants also contend in their third issue
that we must view their pleadings liberally to have pleaded a cause of action
for joint-enterprise liability, and next assert that the trial court improperly
granted Appellees’ summary judgment on Appellants’ claim of joint-enterprise
liability because Appellees failed to challenge the joint-enterprise liability claim
in their summary-judgment motion.

“Joint enterprise is a theory involving
derivative liability whereby one enterprise participant may be held responsible
for a cause of action proven against another participant.”  In re
Tex. Dep’t of Transp., 218 S.W.3d 74, 78 (Tex. 2007), citing Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 611-16 (Tex.
2000).  The essential elements of joint
enterprise are: (1) an agreement, express or implied, among the members of the
group; (2) a common purpose to be carried out by the group; (3) a community of
pecuniary interest in that purpose, among the members; and (4) an equal right to
a voice in the direction of the enterprise, which gives an equal right of
control.  Able, 35 S.W.3d at 613; Blount
v. Bordens, Inc., 910 S.W.2d 931, 933 (Tex. 1995).

A trial court renders summary judgment
based, in part, on the pleadings that are on file at the time of the
hearing.  Tex. R. Civ. P. 166a(c). 
While there is no doubt that Appellants pleaded theories of liability
including the alter-ego and single-business enterprise doctrines, our liberal
reading of Appellants’ live petition shows that Appellants neither nominally nor
substantively pleaded joint-enterprise liability in their live petition.  We specifically find no pleadings within the
live petition which could reasonably be construed to assert the fourth
component of joint enterprise as set forth in Able. Able, 35 S.W.3d at
613.  In their summary-judgment response,
Appellants neither object to Appellees’ failure to challenge Appellants’
alleged joint-enterprise liability theory nor attempt to defeat the
summary-judgment motion by presenting the joint-enterprise liability theory to
the trial court.  Indeed, our review of
the record fails to show that the joint-enterprise liability theory was ever
presented to the trial court for its consideration.

Because Appellants failed to plead the
joint-enterprise liability theory and because Appellees were not required to
challenge the theory in seeking summary judgment, we find the trial court
neither granted summary judgment upon a theory of joint-enterprise liability
nor granted more relief to Appellees than was requested.  Issue Three is overruled.

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

February 8, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]  Before its demise, the single-business
enterprise doctrine was identified not as a cause of action, but rather a
theory for imposing liability where two business entities act as one,
integrating their resources to achieve a common business purpose. Academy of Skills & Knowledge, Inc. v.
Charter Schools, USA, Inc., 260 S.W.3d 529, 539 (Tex.App.--Tyler 2008, pet.
denied).  The theory permitted the
imposition of liability on each entity for acts done in pursuit of that purpose
without proof of fraud.  Id.