

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00279-CV

**IN THE INTEREST OF M.A.B.** and B.A.C., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2021PA00574
Honorable Raul Perales, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 22, 2023

AFFIRMED

The trial court terminated Appellant Mother's parental rights to her children, M.A.B. and

B.A.C.[1]  Following the first termination order, the Texas Department of Family and Protective

Services ("the Department") filed a motion for mistrial because it discovered a different court had

continuing and exclusive jurisdiction over M.A.B. when the first termination order was rendered.

The trial court granted the Department's motion to transfer M.A.B.'s case from the court of

continuing and exclusive jurisdiction, granted the Department's motion to consolidate M.A.B. and

B.A.C.'s cases, and set the consolidated case for a new trial.  Following the second trial, the trial

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the mother of the children as "Mother" and the children using their initials or as "the children."  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

court issued a second order terminating Mother's parental rights.[2] On appeal, Mother argues: (1) the trial court erred when it granted the Department's request for a new trial; and (2) she received insufficient notice of the second trial setting. We affirm.

## BACKGROUND

On April 5, 2021, the Department filed a petition seeking temporary managing conservatorship of the children and termination of Mother's parental rights. The case was assigned to the 45th Judicial District Court in Bexar County. On March 7, 2022, the trial court held a bench trial and rendered an order terminating Mother's parental rights to both the children.[3] During its oral pronouncement, the trial court informed the Department that M.A.B. is subject to a final order in cause number 2017-EM5-04290, a suit affecting the parent-child relationship in the 150th Judicial District Court in Bexar County.

Apparently, the Department subsequently discovered the 150th Judicial District Court retained continuing and exclusive jurisdiction over M.A.B.[4] Therefore, the Department filed a motion for mistrial, a motion to transfer continuing and exclusive jurisdiction over M.A.B. from the 150th Judicial District Court to the 45th Judicial District Court, and a motion to consolidate cause number 2017-EM5-04290 with the underlying case.[5]

On April 4, 2022, the trial court rendered an order extending the automatic dismissal date of the suit to October 1, 2022, stating "the [Department's] Motion for New Trial is granted[,]" and

---

[2] The Honorable Kimberley Burley presided over all proceedings prior to the new trial. The Honorable Raul Perales presided over the new trial and rendered the second order terminating Mother's parental rights to the children.
[3] The trial court orally rendered the termination order on March 7, 2022, and ministerially signed a written order incorporating the ruling on April 4, 2022.
[4] On March 16, 2022, the Department filed in the clerk's record a letter from the Texas Department of State Health Services, Vital Statistics Section, stating a suit affecting the parent child relationship regarding M.A.B. had previously been initiated, and continuing and exclusive jurisdiction was vested with the court presiding over that suit. The letter provided the cause number of the suit, but not the judicial district or county of the suit.
[5] The Department filed duplicative motions with changes to the notice of hearing in the later filed motions.

setting a new trial for April 26, 2022.[6]  The trial court also granted the Department's motion to transfer continuing and exclusive jurisdiction and motion to consolidate.

On April 26, 2022, the trial court held a second bench trial and again rendered an order terminating Mother's parental rights to both children.  Mother appeals.

## NEW TRIAL

In her first issue, Mother argues the trial court erred when it granted the Department's request for a new trial.[7]  Mother's complaint wholly hinges on her assertion that the trial court failed to state a legally appropriate or sufficiently specific reason supporting the order for a new trial.

"We review a trial court's ruling on a motion for new trial under an abuse of discretion standard of review."  *Rodriguez v. United Van Lines, Inc.*, 21 S.W.3d 382, 384 (Tex. App.—San Antonio 2000, pet. denied).  "A trial court abuses its discretion when it acts unreasonably or without regard for any guiding legal principles."  *Id.*

"In recent years [the Texas Supreme Court] has sought to protect the constitutional right to a trial by jury by requiring trial courts to provide litigants with 'an understandable, reasonably specific explanation' for setting aside a jury verdict and ordering a new trial."  *In re Bent*, 487 S.W.3d 170, 172–73 (Tex. 2016) (orig. proceeding) (quoting *In re Columbia Med. Ctr. Of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding)).  "Generally, this

---

[6] A motion titled a motion for new trial does not appear in the record before us.  It appears the trial court was referring to the Department's motion for a mistrial when it granted the "motion for new trial."  We characterize the Department's motion for mistrial as a motion for new trial.  *See In re Rudolph Automotive, LLC*, 616 S.W.3d 171, 177 n.2 (Tex. App.—El Paso 2020, orig. proceeding) ("The title of the motion is immaterial where it ultimately returned the case 'to the posture in which it had been before trial[,]' thereby rendering the post-verdict ruling 'functionally indistinguishable from an order granting a new trial.'" (quoting *State v. Garza*, 774 S.W.2d 724, 726 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd))).  The written order states the court's ruling was rendered on April 4, 2022, and ministerially signed on April 25, 2022.

[7] It is unclear what relief Mother seeks.  Her parental rights were terminated following the first bench trial, yet Mother complains that the trial court erroneously ordered a new, second trial giving Mother another bite at the proverbial apple.  Notably, in her prayer for relief, Mother requests a third trial on remand if we find the trial court erroneously granted the second trial.

requirement is satisfied when a trial court's stated reason is 'a reason for which a new trial is legally appropriate' and 'is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.'" *Bent*, 487 S.W.3d at 173 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding)).

However, the reasoning from *Columbia* and its progeny is premised on the notion that "parties to a *jury trial* 'are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a *jury verdict* being disregarded or set aside, the trial process being nullified, and the case having to be retried.'" *Bent*, 487 S.W.3d at 175–76 (emphasis added) (quoting *Columbia*, 290 S.W.3d at 213). This is because "a vague explanation in setting aside a *jury verdict* does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of parties and the public *when a lawsuit is tried to a jury*." *Bent*, 487 S.W.3d at 176 (emphasis added).

The case at bar is distinguishable from the line of cases Mother cites in her brief. Here, the first trial was not tried to a jury, but rather to the bench. Mother does not direct us to any authority—nor have we found any—requiring a trial court to specify the same level of detail for its reasoning to set aside its own judgment from a bench trial as that which is required when a trial court sets aside a jury verdict in lieu of a new trial. To the contrary, in *Columbia*, the supreme court clarified it was not "retreat[ing] from the position that trial courts have significant discretion in granting new trials" but that "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *Columbia*, 290 S.W.3d at 212. Because the trial court here did not substitute its own views for that of the jury, we are left to determine whether the trial court abused its significant discretion to grant a new trial in this case.

"New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct." TEX. R. CIV. P. 320; *see also Bent*, 487 S.W.3d at 175 ("Our rules of civil procedure vest trial courts with broad authority to order new trials 'for good cause' . . . .").

Here, upon realizing the trial court did not have continuing and exclusive jurisdiction over matters pertaining to M.A.B., the Department filed motions requesting the trial court: (1) set aside the first order terminating Mother's parental rights to M.A.B. and B.A.C.; (2) transfer cause number 2017-EM5-04290 from the 150th Judicial District Court—the court retaining continuing and exclusive jurisdiction over matters pertaining to M.A.B.—as mandated by subsections 262.203(a) and 155.201(d) of the Texas Family Code;[8] and (3) consolidate cause number 2017-EM5-04290 into the underlying case. Once this occurred, a new bench trial was conducted wherein the trial court properly held jurisdiction over the suit to terminate Mother's parental rights to M.A.B. and B.A.C.

The record demonstrates the trial court had good cause to grant the new trial, i.e., so a new trial could be conducted after the trial court retained jurisdiction over matters pertaining to M.A.B.

---

[8] Subsection 262.203(a)(2) of the Texas Family Code states:

> On the motion of a party or the court's own motion, if applicable, the court that rendered the temporary order [for protection of a child] shall in accordance with procedures provided by Chapter 155 . . . order transfer of the suit from the court of continuing, exclusive jurisdiction . . . .

TEX. FAM. CODE ANN. § 262.203(a)(2).

Under the heading "Mandatory Transfer," subsection 155.201(d) of the Texas Family Code states:

> On receiving notice that a court exercising jurisdiction under Chapter 262 has ordered the transfer of a suit under Section 262.203(a)(2), the court of continuing, exclusive jurisdiction shall . . . transfer the proceedings to the court in which the suit under Chapter 262 is pending . . . .

*Id.* § 155.201(d).

Therefore, the trial court's decision to grant the new trial was not arbitrary or unreasonable and did not constitute an abuse of discretion.

Moreover, assuming arguendo *Columbia* and its progeny applied, the trial court did not err when it granted a new trial. To justify granting a new trial, "a trial court 'need not provide a detailed catalog of the evidence' as long as it provides a 'cogent and reasonably specific explanation' of its reasoning." *Bent*, 487 S.W.3d at 176. Here, the trial court's order granting a new trial stated the new trial was necessary "for the safety and welfare of the children [and] to avoid further delay in resolving the suit." This stated reason is sufficient to justify the trial court's order granting a new trial. If the trial court had not granted a new trial, the first order terminating Mother's parental rights may have been void leaving the children in a state of uncertainty and instability. *See Celestine v. Dep't of Fam. & Protective Servs.*, 321 S.W.3d 222, 230 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("[W]hen one court has continuing and exclusive jurisdiction over a matter, any order or judgment issued by another court pertaining to the same matter is void."). *But see Jones v. Tex. Dep't of Fam. & Protective Servs.*, 400 S.W.3d 173, 181 (Tex. App.—Austin 2013, no pet.) (acknowledging a split in the courts of appeals because the Austin Court of Appeals has "held that conservatorship provisions of a divorce decreed rendered by a different court from one that had [continuing and exclusive jurisdiction] were not void and thus not vulnerable to collateral attack").[9] When read within context of the entire record, it is clear the trial court sought the most efficient way to avoid further delay in resolving the suit when it issued orders to obtain jurisdiction over matters pertaining to M.A.B., consolidated the two cases, and ordered a new trial. Given the unique facts of this case, we cannot say the trial court abused its discretion when it granted the new trial. *See Bent*, 487 S.W.3d at 176. ("[A] trial court does not

---

[9] We need not determine whether the first termination order here is void because the trial court obtained continuing and exclusive jurisdiction when it rendered the second termination order.

abuse its discretion in ordering a new trial 'so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.'" (quoting *United Scaffolding*, 377 S.W.3d at 688–89)).

Accordingly, Mother's first issue is overruled.

## NOTICE

In her second issue, Mother argues she was not given the forty-five days' notice of the second trial setting required by Rule 245 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 245 ("The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.").

The Department argues Mother failed to object to insufficient notice of the second trial setting and has, therefore, waived error. In the alternative, the Department argues Rule 245 only requires forty-five days' notice of a first trial setting and, because the second trial was not the first trial setting, only reasonable notice was required. Because we determine Mother waived review of this issue by failing to object to insufficient notice of the second trial setting, we need not reach the issue of whether a second trial following an order granting a motion for new trial is a first setting for trial.

"Error resulting from a trial court's failure to provide parties proper notice under Rule 245 is waived if a party proceeds to trial and fails to object to the lack of notice." *Custom-Crete, Inc.*

*v. K-Bar Svcs., Inc.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.); *see also In re J.(B.B.)M.*, 955 S.W.2d 405, 408 (Tex. App.—San Antonio 1997, no pet.) (holding appellant Mother waived her Rule 245 complaint when she failed to object to insufficient notice of the trial setting and proceeded to trial).

Here, Mother did not lodge an objection complaining about insufficient notice of the trial setting. While Mother's counsel did announce "not ready," the announcement was based on Mother's failure to appear at the second trial rather than a lack of notice.[10] In the second trial, Mother's counsel specifically stated: "I have had contact [with Mother]. I don't see her on the Zoom, so I'll announce not ready." *See In re N.C.H.-M.*, No 04-18-00098-CV, 2018 WL 3747744, at *2 (Tex. App.—San Antonio Aug. 8, 2018, pet. denied) (mem. op.) ("To preserve error, a complaint on appeal must comport with the objection made at trial."); TEX. R. APP. P. 33.1(a) (requiring the record to show a complaint was made to the trial court with sufficient specificity as a prerequisite to presenting the complaint for appellate review). Further, Mother's counsel proceeded to participate in the trial by presenting argument and cross-examining one of the Department's witnesses. By failing to properly object to the short notice of the trial setting and by proceeding to trial, Mother has not preserved this issue for appellate review. *See J.(B.B.)M.*, 955 S.W.2d at 408; TEX. R. APP. P. 33.1(a); *see also In re R.R.C.*, No. 04-17-00306-CV, 2017 WL 4413205, at *3 (Tex. App.—San Antonio Oct. 4, 2017, pet. denied) (mem. op.) ("A party may waive an objection to lack of notice in compliance with [R]ule 245 if it proceeds to trial and fails to object to the lack of notice.").

Accordingly, Mother's second issue is overruled.

---

[10] Mother did not appear for the first or second trial.

## CONCLUSION

The trial court's order of termination is affirmed.


Irene Rios, Justice