*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

No. 04-09-00454-CV

J.M. **RANKIN** and the Estate of Doris Stacy Rankin,
Appellants

v.

## UNION PACIFIC RAILROAD COMPANY,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 08-05-00095CVF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: March 31, 2010

AFFIRMED

J.M. Rankin and the estate of Doris Stacy Rankin (hereinafter referred to collectively as "Rankin") sued Union Pacific Railroad Company for negligence after a pick-up truck driven by Rankin's wife, Doris, was struck by a train. Mrs. Rankin was seriously injured in the collision and died. The trial court granted no-evidence summary judgment against Rankin, dismissing his suit with prejudice. On appeal, Rankin argues the summary judgment must be reversed because (1) the summary judgment record contains more than a scintilla of evidence supporting the challenged

element of his claims, and (2) the summary judgment was granted before an adequate time for discovery had passed. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Shortly before noon on May 19, 2006, a pick-up truck driven by Mrs. Rankin was traveling on a road that ran alongside railroad tracks in Pearsall, Texas. The truck turned onto a road that crossed the tracks, went over the tracks, made a u-turn, and attempted to re-cross the tracks from the opposite direction.[1] At the time, a Union Pacific train was approaching the railroad crossing, which was marked on both sides with cross-arm warning signs. The train was traveling at fifty-nine miles per hour, a legal speed for this crossing. When the train engineer realized the truck would not clear the tracks before the train reached the crossing, he set the train's emergency brakes, but was unable to stop the train before it collided with the truck. In the collision, Mrs. Rankin was ejected from the truck and sustained fatal injuries.

On May 16, 2008, Rankin filed suit against Union Pacific. In his petition, Rankin alleged three negligence theories. First, Rankin claimed Union Pacific breached its duty to provide Mrs. Rankin a reasonably safe and timely warning of the approaching train. Specifically, Rankin alleged the Union Pacific employees operating the train failed to activate the train's whistle and bell in a timely manner as required by statute. Second, Rankin alleged the crossing was extra-hazardous because it was obstructed by vegetation and because of "the configuration of the public streets

---

[1] This account was provided by Rankin's sole summary judgment witness, Santiago "Jimmy" Rodriguez. According to a different account provided by the train crew, the truck initially went past the railroad crossing, then stopped and turned while backing up onto the crossing. As counsel for Rankin conceded at oral argument, any fact issue regarding the direction the truck was traveling immediately before the collision is not material to the claims presented in this case.

approaching the crossing." According to this theory, because the crossing was extra-hazardous, Union Pacific had a duty to provide extraordinary warning devices, such as signal bells or lights on the crossing, lights on the train cars, or flagging at the crossing. Third, Rankin alleged Union Pacific breached its duty because, based on the extra-hazardous nature of the crossing, it should have instructed its train crews to pass the crossing at a reduced speed. Rankin alleged Union Pacific's breaches of duty constituted negligence and were the legal cause of the incident made the basis of his suit.

Union Pacific responded to the suit by filing a verified answer in which it denied the estate had the legal capacity to sue.

On May 4, 2009, almost a year after this suit was filed, Union Pacific filed a motion for no-evidence summary judgment, arguing there was no evidence to support the breach of duty element of Rankin's negligence claims.[2] Although unnecessary under no-evidence summary judgment procedure, Union Pacific attached evidence to its summary judgment motion. This evidence included the affidavit of the train engineer, the affidavit of the train conductor, the affidavit of a Union Pacific claims manager, and photographs of the crossing taken on the day of the collision.

Rankin filed a response, arguing the summary judgment motion should be denied because an adequate time for discovery had not passed and there was a genuine issue of material fact as to whether Union Pacific breached its duties as alleged in the petition. Attached to Rankin's response

---

[2] Union Pacific also requested no-evidence summary judgment as to the estate, arguing the estate was not a legal entity and there was no evidence rebutting its verified denial. Although briefed by the parties, we express no opinion on this issue because it is unnecessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1 (requiring the court of appeals to hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to the disposition of the appeal).

was the affidavit of Santiago "Jimmy" Rodriguez, a witness who was nearby when the collision occurred. Thereafter, Union Pacific filed a motion to strike Rodriguez's affidavit because Rankin failed to identify Rodriguez as a witness during the discovery period.

On June 2, 2009, the trial court granted Union Pacific's motion for summary judgment, dismissing all of the negligence claims made by Rankin. This appeal followed.

### NO-EVIDENCE SUMMARY JUDGMENT STANDARDS

A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Texas Rule of Civil Procedure 166a(i), which governs no-evidence summary judgment motions, provides,

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX. R. CIV. P. 166a(i). According to Rule 166a(i), the moving party must specifically state the elements as to which there is no evidence. *Id*.; *see Gish*, 286 S.W.3d at 310-11 (emphasizing that no-evidence summary judgment must be specific in challenging the evidentiary support for an element of a claim or defense). The burden then shifts to the nonmovant to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged. TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant does not produce more than a scintilla of evidence to raise a genuine issue of material fact, the trial court must

grant the motion. TEX. R. CIV. P. 166a(i); *see Ridgway*, 135 S.W.3d at 602 (holding summary judgment was properly granted when plaintiffs failed to produce more than a scintilla of evidence on an essential element of their claim).

A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). On the other hand, less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a surmise or suspicion of a fact. *Id*.

A no-evidence summary judgment motion that attaches evidence should not be disregarded or treated as a traditional summary judgment motion. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004). However, when a no-evidence summary judgment motion attaches evidence, that evidence should not be considered unless it creates a fact question. *Id*. A fact question is created when the summary judgment record contains inconsistent or conflicting summary judgment proof. *Thompson v. City of Corsicana Hous. Auth.*, 57 S.W.3d 547, 557 (Tex. App.—Waco 2001, no pet.); *see also Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988) (concluding that a fact issue was presented when conflicting inferences could be drawn from a deposition and an affidavit filed by the same party).

When reviewing a no-evidence summary judgment, the appellate court reviews the evidence presented in the motion and response in the light most favorable to the party against whom the

summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Gish*, 286 S.W.3d at 310.

### APPLICABLE LAW ON DUTIES OWED BY RAILROADS

Because every railroad crossing is hazardous, statutes set out the minimum standard of safe conduct for both drivers and train operators. *Port Terminal R.R. Ass'n v. Richardson*, 808 S.W.2d 501, 504 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *Missouri Pac. R.R. Co. v. Shaw*, 620 S.W.2d 161, 163 (Tex. Civ. App.—Corpus Christi 1981, writ ref'd n.r.e.). The Texas Transportation Code requires (1) a railway company to place warning signs where its railroad crosses a public road, and (2) the engineer in charge of a locomotive to ring the bell and blow the whistle or siren at least one-quarter mile from the place where the railroad crosses a public road or street until the locomotive has crossed the road or stopped. TEX. TRANSP. CODE. ANN. §§ 471.002(a), 471.006(b) (Vernon 2007). The railway company is liable for any damages sustained by a person because of violations of these statutes. TEX. TRANSP. CODE. ANN. §§ 471.002(b), 471.006(c) (Vernon 2007).

"Every railroad crossing is dangerous, but it is only crossings which are found to be extra hazardous that place the higher duty upon the railroad to use extraordinary means to warn travelers along the road." *Missouri Pacific R.R. Co. v. Cooper*, 563 S.W.2d 233, 235 (Tex. 1978); *see Osuna v. S. Pacific R.R. Co.*, 641 S.W.2d 229, 230 (Tex. 1982); *Richardson*, 808 S.W.2d at 504. A crossing is extra-hazardous if it is so dangerous that persons using ordinary care cannot pass over it in safety without some warning other than the cross-arm sign. *Richardson*, 808 S.W.2d at 505. A crossing may be classified as extra-hazardous if a temporary or permanent condition obstructs a driver's view

of an approaching train. *Id*. If a temporary condition is alleged, the condition must be due to some act or omission of the railway employees, because only under those circumstances could the defendant know or be fairly charged with knowledge that the crossing is temporarily extra-hazardous. *Id*. The burden is on the plaintiff to show that the railroad crossing is extra-hazardous. *Cooper*, 563 S.W.2d at 235. The plaintiff must establish the crossing was extra-hazardous on the day of the collision. *S. Pacific Transp. Co. v. Castro*, 473 S.W.2d 577, 583 (Tex. Civ. App.—Beaumont 1971), *rev'd on other grounds*, 493 S.W.2d 491 (Tex. 1973). Extraordinary means of warning include signal bells or lights on the crossing, lights on the train cars, or flagging at the crossing. *Richardson*, 808 S.W.2d at 504-05.

### ARGUMENTS PRESENTED

On appeal, Rankin argues there is evidence in the summary judgment record that creates a genuine issue of material fact on the breach of duty element of his negligence claims. On the other hand, Union Pacific argues the record contains less than a scintilla of evidence to raise a material fact issue that the train crew failed to activate the train's bell and whistle in a timely manner or that the crossing was extra-hazardous.

In his briefing before this court, Rankin takes an expansive view of his petition, asserting it contains claims for failure to keep a proper lookout and failure to properly maintain the crossing; however, these negligence allegations do not appear in Rankin's petition. At oral argument, Rankin's counsel conceded that in conducting our no-evidence review, we should consider only those negligence theories actually alleged in the petition. We, therefore, limit our discussion to the negligence theories alleged in Rankin's petition.

According to his petition, Rankin alleged two categories of negligence claims against Union Pacific. First, Rankin alleged Union Pacific had a duty to provide Mrs. Rankin with a proper warning by failing to activate the train's bell and whistle in a timely manner as required by statute, and Union Pacific breached this duty. Second, Rankin alleged the crossing was extra-hazardous in nature, and therefore, Union Pacific had a duty to provide extraordinary warning devices and to instruct its crew to travel through the crossing at a reduced speed. As to the extra-hazardous crossing theories, Rankin alleged that the crossing was extra-hazardous and that Union Pacific "knew or should have known that the crossing in question was partially obscured by vegetation and the configuration of the public streets approaching the crossing." Thus, Rankin's extra-hazardous negligence theory was that the vegetation obscured Mrs. Rankin's view of the approaching train and thus rendered the crossing extra-hazardous.

With these arguments in mind, we review the summary judgment record to determine if it shows more than a scintilla of evidence raising a genuine issue of material fact as to whether (1) Union Pacific's train crew failed to warn by sounding the train's horn and whistle, or (2) the crossing was extra-hazardous.

### EVIDENCE OF FAILURE TO WARN BY SOUNDING THE TRAIN'S BELL AND WHISTLE

As a preliminary matter, Union Pacific argues we should not consider the affidavit of Rankin's sole summary judgment witness, Rodriguez, because the trial court should have granted its motion to strike Rodriguez's affidavit. We disagree. As a prerequisite for presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely motion and that the trial court ruled on the motion either expressly or implicitly. TEX. R. APP. P.

33.1(a). Here, the record shows Union Pacific filed a motion to strike Rodriguez's affidavit, but it does not show that Union Pacific obtained a timely ruling on its motion. The only ruling on the motion to strike appears in an order that was signed after the trial court's plenary power expired. Because there is no timely ruling on the motion to strike, Rodriguez's affidavit is part of the summary judgment record and we consider it in our review. *See Doncaster v. Hernaiz*, 161 S.W.3d 594, 602 (Tex. App.—San Antonio 2005, no pet.) (nonmovant waived objections to summary judgment affidavit by failing to obtain a ruling on those objections); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316-17 (Tex. App.—San Antonio 2000, no pet.) (same).

As the nonmovant, Rankin had the burden to present some evidence the train crew failed to comply with Texas Transportation Code 471.006(b), which requires a railroad engineer to ring the bell and blow the whistle or siren at least one-quarter mile from the place where the railroad crosses a public road. *See* TEX. TRANSP. CODE ANN. § 471.006(b) (Vernon 2007). The only evidence presented on this issue was Rodriguez's affidavit which stated, "I *do not remember* hearing the train blow its horn before it hit the truck." (emphasis added).

Based on the evidence and the law, Rodriguez's statement is no evidence that Union Pacific's train crew failed to sound the whistle or horn. The fact that a witness does not remember hearing the whistle or horn sounding is not probative evidence of any failure to sound the train's whistle or horn. *Gentry v. S. Pacific Co.*, 449 S.W.2d 527, 530 (Tex. Civ. App.—Corpus Christi 1969), *aff'd*, 457 S.W.2d 889 (Tex. 1970) (holding that the witness's statement that he had no recollection of having heard any audible signals by train in and of itself was not probative evidence that the bell and the horn on the engine were not sounded). By contrast, probative evidence exists when a witness states

he was in a position to hear the audible engine signals, or that he would have heard the whistle or horn if it had been sounded, or that the whistle or horn was not sounded. *Id*. Here, as in *Gentry*, the witness did not testify that he was in a position to hear the audible engine signals, or that he would have heard the whistle or horn if it had been sounded, or that the whistle or horn was not sounded.

In arguing Rodriguez's statement is some evidence the train crew failed to comply with section 471.006(b), Rankin relies on *Atchison, Topeka, and Santa Fe Ry. Co. v. Cruz*, 9 S.W.3d 173, 178 (Tex. App.—El Paso 1999, pet. granted, judgment vacated, remanded by agreement). In *Cruz*, the El Paso court held that evidence of two witnesses supported the plaintiffs' allegation that the train crew failed to sound the whistle when approaching a crossing as required by statute. However, the present case is unlike *Cruz*, where the witnesses did not state merely that they did not remember hearing the whistle, but testified positively and directly that they did not hear the train blow its whistle when approaching the crossing. *Id*.

We follow *Gentry*'s reasoning and analysis and hold Rodriguez's affidavit is no evidence of the failure to sound the train's bell and whistle as required by statute. Accordingly, the trial court properly granted no-evidence summary judgment as to Rankin's claim that Union Pacific breached its duty to provide a reasonably safe and timely warning of the approaching train.

## EVIDENCE OF EXTRA-HAZARDOUS CROSSING

As the non-movant, Rankin had the burden to present some evidence that the railroad crossing was extra-hazardous. Absent some evidence that the crossing in this case was extra-

hazardous, Union Pacific would not have had a duty to provide extraordinary warning devices, nor would it have had a duty to instruct its crew to travel through the crossing at a reduced speed.[3]

On appeal, Rankin relies exclusively on the photographs Union Pacific attached to the summary judgment motion to argue there was more than a scintilla of evidence of an extra-hazardous crossing. Thus, as a preliminary matter, we must determine if the photographs Union Pacific attached to the summary judgment motion create a fact question. If these photographs create a fact question as to the extra-hazardous nature of the crossing, then we consider them in our no-evidence review. If these photographs do not create a fact question as to the extra-hazardous nature of the crossing, then we do not consider them in our no-evidence review.

In his brief, Rankin argues the photographs "actually show that the vegetation along the railroad made it difficult to see a train coming from that crossing. There is heavy brush, vegetation and trees running alongside the track not far from the crossing, so that anyone looking up the track could only see up to the point where the trees and brush begin." Rankin also argues "these photographs . . . are some evidence that the crossing was extra-hazardous as a result of the trees, vegetation, and the absence of any warning devices save a cross-buck." We disagree. The seventeen color photographs, which were taken on the day of collision, depict the crossing from various angles as well as the roadways intersecting with and adjacent to the crossing. There are trees, vegetation, trailers, and buildings in the photographs, but only at unknown distances from the crossing and the tracks. No train appears in the photographs. Some of the photographs provide a panoramic view of

---

[3] Union Pacific argues for the first time on appeal that Rankin's reduced speed claim is preempted by federal law. Preemption, however, is an affirmative defense. *Missouri Pacific R.R. Co. v. Limmer*, 299 S.W.3d 78, 84 (Tex. 2007); *Kelly v. Brown*, 260 S.W.3d 212, 217 (Tex. App.—Dallas 2008, pet. denied). Accordingly, any preemption defense should have been raised in the trial court by way of a traditional summary judgment motion.

the railroad crossing and the surrounding area. Several of the photographs are taken from the perspective of a motorist at either side of the crossing. However, these photographs—in and of themselves—fail to create a fact question as to whether a motorist's view of an approaching train would have been obstructed.

Rankin further argues, "It would not take long for a train moving [fifty-nine] miles per hour to traverse the ground between the beginning of the trees and vegetation and the beginning of the crossing, and clearly would not provide enough time for a person crossing the track to get out of the way before being hit." Again, we disagree. Standing alone, the photographs do not establish that Mrs. Rankin would have been unable to get out of the way of a train traveling at fifty-nine miles per hour before being hit. Accordingly, the photographs do not create a fact question and we must disregard the photographs in our review.

As the nonmovant, Rankin had the burden to present more than a scintilla of evidence that the railroad crossing was extra-hazardous. Absent some evidence that the crossing in this case was extra-hazardous, Union Pacific had no duty to provide extraordinary warning devices, or to instruct its train crew to approach this crossing at a reduced speed.

Having determined the summary judgment record contains no evidence Union Pacific breached its duty to provide a reasonably safe and timely warning of the approaching train and no evidence that the crossing was extra-hazardous, we overrule Rankin's contention that the record contains more than a scintilla of evidence to raise a material fact issue on the breach of duty element of his claims.

**ADEQUATE TIME FOR DISCOVERY**

Rankin next argues the trial court should not have granted summary judgment because he was not afforded an adequate time for discovery. Rule 166a(i) provides a party may move for no-evidence summary judgment after an adequate time for discovery has passed. *See* TEX. R. CIV. P. 166a(i). In determining whether an adequate time for discovery has passed under Rule 166a(i), an appellate court examines (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion had been on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery already taken place, and (7) whether the discovery deadlines were specific or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). The rule does not require that discovery be completed, only that there was adequate time for discovery. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Finally, when a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Blake v. Intco Investments of Texas, Inc.*, 123 S.W.3d 521, 524 (Tex. App.—San Antonio 2003, no pet.).

Nothing in the record indicates Rankin filed in the trial court an affidavit explaining his need for further discovery or a verified motion for continuance. Additionally, this a negligence case in which Rankin needed to provide some evidence the train crew failed to sound the train horn or whistle or some evidence of the extra-hazardous nature of the crossing to defeat the summary

judgment motion. On appeal, Rankin argues only that he needed additional time to locate other witnesses who might have testified about whether the train crew failed to sound the train's whistle as it approached the crossing. As to Rankin's assertion that he needed more time to find potential witnesses, we note this case was active for almost a year before the no-evidence summary judgment motion was filed. Furthermore, Rankin did not file his petition until almost two years after the incident. And, presumably Rankin duly investigated his case before filing suit. *See Martinez*, 40 S.W.3d at 591 (noting as part of adequate time for discovery analysis that appellants were presumed to have engaged in appropriate pre-suit investigation).

Moreover, the record shows the discovery period ended before the summary judgment motion was filed. This case was governed by a level two discovery control plan, which provides that the discovery period begins when suit is filed and continues until the earliest of (1) thirty days before trial; (2) nine months after the first oral deposition; or (3) nine months after the due date of the first response to written discovery. *See* TEX. R. CIV. P. 190.3(b)(1)(B). The record indicates the discovery period ended on April 15, 2009, nine months after the first written discovery responses in the case were due, and the earliest event to occur under Rule 190.3(b)(1)(B). Although Rankin argues the parties had an agreement to postpone discovery so Rankin could attempt to find other potential witnesses, there is nothing in the record indicating the parties had any such agreement.

Based on this record, we conclude Rankin had an adequate time for discovery before consideration of the summary judgment motion. *See Martinez*, 40 S.W.3d at 591 (concluding appellants had adequate time to conduct discovery during the five years case was pending, even though summary judgment was granted prior to the expiration of the discovery period). We,

therefore, overrule Rankin's contention that the summary judgment must be reversed because it was granted without affording him an adequate time for discovery.

## CONCLUSION

Because an adequate time for discovery had passed and because the record contains no evidence raising a material fact issue as to the breach of duty element of the negligence claims presented, the trial court had no alternative but to grant the summary judgment motion. *See* TEX. R. CIV. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). The judgment of the trial court is therefore affirmed.

Karen Angelini, Justice