COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARTY DANIELLE GANN, | § | No. 08-11-00017-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 78th Judicial District Court |
| | § | |
| ANHEUSER-BUSCH, INC. and | | of Wichita County, Texas |
| FALLS DISTRIBUTING COMPANY, | § | |
| INC., | | (TC#169,111-B-1) |
| | § | |
| Appellees. | | |

## **O P I N I O N**

In this case, the issue we must address is whether the Appellees, the manufacturer and seller and the distributor of a "longneck" glass beer bottle, are liable for the injuries sustained by Appellant when she was struck in the face by a patron at a bar wielding the bottle as a weapon. Concluding that Appellant has failed to produce more than a scintilla of evidence that the longneck bottle was defectively designed so as to render it unreasonably dangerous and failed to establish that Appellees owed her a legal duty to protect her from the criminal acts of a third person, we affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

While celebrating a friend's birthday at a bar known for its violence, Gann was assaulted by a patron wielding a Budweiser "longneck" glass beer bottle. Struck twice in the face with the longneck bottle, Gann suffered five lacerations resulting in permanent scarring. Among those entities Gann sued were Anheuser-Busch, Inc., the manufacturer and seller of the longneck bottle, and Falls Distributing, Inc., the distributor of the longneck bottle. Gann sought recovery from

Anheuser-Busch and Falls Distributing pursuant to the following theories of liability: (1) strict products liability; (2) negligence; and (3) breach of warranty. Anheuser-Busch and Falls Distributing each moved for summary judgment on all of Gann's causes of actions on no-evidence grounds.[1] Without stating its reasons, the trial court granted both motions for summary judgment and dismissed Gann's claims against Anheuser-Busch and Falls Distributing. This appeal followed.[2]

## NO-EVIDENCE SUMMARY JUDGMENT STANDARD OF REVIEW

In conducting our *de novo* review of a trial court's summary judgment on no-evidence grounds, we must ascertain whether the non-movant produced summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206-08 (Tex. 2002). In so doing, we consider all the summary-judgment evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). Summary-judgment evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as here, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment

---

[1] In response to Gann's strict products liability and breach of warranty claims, Falls Distributing adopted and incorporated into its no-evidence motion for summary judgment the same arguments Anheuser-Busch raised in its no-evidence motion for summary judgment in response to these claims.

[2] Gann does not challenge the trial court's summary judgment in favor of Anheuser-Busch and Falls Distributing on her breach of warranty claims. In addition, Gann does not challenge the trial court's summary judgment in favor of Falls Distributing on her strict products liability claim. Accordingly, we do not address the propriety of the trial court's summary judgment with respect to these claims.

2

grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## PRODUCTS LIABILITY LAW – DESIGN DEFECT

In her first point of error, Gann contends that the trial court erred by granting summary judgment for Anheuser-Busch on Gann's design defect claim. We disagree.

### *Applicable Law*

In a products liability action in which a claimant alleges a design defect, a claimant must prove by a preponderance of the evidence that: (1) the defect renders the product "unreasonably dangerous;" (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery; and (3) there was a safer alternative design. TEX.CIV.PRAC.&REM.CODE ANN. § 82.005(a)(West 2011); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). To determine whether a product was defectively designed so as to render it unreasonably dangerous, we apply a risk-utility analysis that requires consideration of the following factors:

(1) the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use;

(2) the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive;

(3) the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs;

(4) the user's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions; and

(5) the expectations of the ordinary consumer.

*Timpte Indus., Inc.*, 286 S.W.3d at 311. The risk-utility analysis does not operate in a vacuum,

3

but rather in the context of the product's intended use and its intended users.  *Id*. at 312.

Although whether a product is defective is generally a question of fact, in the appropriate case, it

may be determined as a matter of law.  *Id*.

### *Discussion*

Among other bases, Anheuser-Busch argued in its motion for summary judgment that

Gann produced no evidence as to any of the elements of her design defect claim, including

evidence that the risk of injury from the longneck bottle outweighs its utility.[3]   In response, Gann

contends that there is more than a scintilla of evidence that the risk of injury from the longneck

bottle outweighs its utility.   Specifically, Gann refers to evidence that beer bottles are used

commonly in assaults in the local community, as well as overseas, that the longneck portion of the

bottle is cosmetic and serves no useful purpose, and that Anheuser-Busch uses stubby glass bottles

and plastic bottles as containers for beer.   However, contrary to her assertion, Gann has failed to

produce evidence raising a genuine issue of fact that the risk of injury from the longneck bottle

outweighs its utility and therefore that the bottle was defectively designed so as to render it

unreasonably dangerous.

In the single paragraph in her response devoted to analyzing the risk-versus-utility element

---

[3] Anheuser-Busch also contends that we should hold that, as a matter of law, Anheuser-Busch had no legal duty to design the longneck bottle against purposeful and criminal misuse because it satisfied its one and only legal duty: to design the bottle to ensure that the bottle was safe for its intended and ordinary use – storing beer.

In support of its argument, Anheuser-Busch cites to *Venezia v. Miller Brewing Co.*, 626 F.2d 188 (1ˢᵗ Cir. 1980) and *Diggles v. Horwitz*, 765 S.W.2d 839 (Tex.App.--Beaumont 1989, writ denied).   In *Venezia*, the federal appeals court applied Massachusetts state law to hold that the plaintiff, who was injured by the broken shards of the beer bottle he deliberately threw against a pole, could not recover from Miller Brewing under a theory of negligent design because the deliberate misuse of the beer bottle could not be characterized as an intended or ordinary use of the beer bottle.   626 F.2d at 189, 191-92.   In *Diggles*, the Beaumont Court of Appeals held that a gun manufacturer owed no duty to protect against hazards created by the misuse of its product.   765 S.W.2d at 840-42.   However, the Texas Supreme Court has since held that because a design defect case is one involving a product made exactly as intended but nevertheless unreasonably hazardous, we must weigh the utility of the product against the risk involved in its use when determining whether a product was defectively designed so as to be unreasonably dangerous.   *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009); *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 257 (Tex. 1999). Because the question of duty is not specifically germane to our holding today, we decline to address it.

of her design defect claim, Gann does not address the majority of the factors enumerated in *Tokai Corp.* and *Timpte Indus., Inc.* For example, Gann fails to address: (1) whether manufacturing a stubby glass bottle or plastic bottle is economically feasible; (2) whether eliminating the unsafe character of a longneck bottle significantly impairs its usefulness or significantly increases its costs; and (3) what the expectations of the ordinary consumer are. *See Timpte Indus, Inc.*, 286 S.W.3d at 311; *Tokai Corp.*, 2 S.W.3d at 257. Gann does develop her analysis more fully in her brief by rigorously scrutinizing the evidence she identified in her response and by including an assertion that "[t]he costs of plastic bottles is now the same as glass bottles."[4] However, notwithstanding that Gann failed to preserve her assertion that manufacturing an alternate product is economically feasible, Gann still fails to address whether eliminating the unsafe character of a longneck bottle significantly impairs its usefulness or significantly increases its costs and what the expectations of the ordinary consumer are.

Except for a single instance, Gann does not refer to any portion of the summary judgment-evidence in her response at trial or in her brief in arguing that the risk of injury from the longneck bottle outweighs its utility. Rather, Gann's argument on this issue consists of conclusory allegations. The failure to provide citations to the record in a brief or to refer to summary-judgment evidence in a response results in the waiver on appeal of the contentions made. *See* TEX.R.APP.P. 38.1(g)(requiring the appellant's brief to contain citations to the record in support of the contentions made); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)(appellate court has discretion to waive error due to inadequate briefing); *see also*

---

[4] In responding to Anheuser-Busch's summary judgment motion, Gann never raised the argument at trial that "[t]he costs of plastic bottles is now the same as glass bottles." It is well settled that all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983)(summary judgment may not be granted on issues not "expressly presented" to trial court). By failing to raise the argument at trial that manufacturing a stubby glass bottle or plastic bottle is economically feasible, Gann failed to preserve it for our consideration on appeal.

5

*Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 309 (Tex.App.--Houston [1st Dist.] 2007, no pet.)("In determining whether a respondent to a no-evidence motion for summary judgment has produced sufficient evidence to raise a genuine issue of material fact, courts are not required to search the record without guidance.").

In sum, Gann has failed to address the majority of factors enumerated in *Tokai Corp.* and *Timpte Indus., Inc.*, and, consequently, to produce any evidence on these factors, in arguing that because the risk of injury from a longneck bottle outweighs its utility, the bottle was defectively designed so as to render it unreasonably dangerous. Moreover, notwithstanding that the evidence upon which Gann relies is not supported by citations to the record, this evidence constitutes no evidence that the bottle was defectively designed so as to render it unreasonably dangerous. Accordingly, Gann has failed to produce evidence raising a genuine issue of fact on all the elements of her design defect claim. We therefore hold that the trial court did not err by granting summary judgment for Anheuser-Busch on Gann's design defect claim. Gann's first point of error is overruled.

## NEGLIGENCE

In her second and third points of error, Gann argues that the trial court erred by granting summary judgment for Anheuser-Busch and Falls Distributing, respectively, as to her negligence claims against them. We disagree.

### *Applicable Law*

To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v.*

6

*Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The threshold inquiry in a negligence case is duty. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A plaintiff must prove the existence and violation of a duty owed by the defendant. *Id*. If there is no duty, liability for negligence cannot exist. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

Generally, no person has a legal duty to protect another from the criminal acts of a third person. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). One exception to this rule may apply when a person controls the premises where the criminal acts occur. *Id*. "One who controls . . . premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Id*., *citing Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997). This duty derives from the concept that the party with the "power of control or expulsion" is in the best position to protect against the harm. *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993). When the party with the power of control should reasonably anticipate criminal conduct on the part of third persons on its premises, that party has a duty to take precautions against it. *Id*. A second exception may apply to a person who is not in control of the property at the time of the injury, but nevertheless creates a condition that permits or brings into being the criminal actions that result in the claimant's injury. *Lefmark Mgmt. Co.*, 946 S.W.2d at 54, *citing Strakos v. Gehring*, 360 S.W.2d 787 (Tex. 1962). Whether a duty exists under either theory is a question of law for the court to decide from the facts surrounding the occurrence at issue. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998); *Siegler*, 899 S.W.2d at 197; *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

*Discussion*

Gann contends that in determining whether Anheuser-Busch and Falls Distributing had a duty to protect her from being assaulted by a third party using a longneck beer bottle as a weapon, the foremost and dominant consideration is the foreseeability of risk. Gann posits that because Anheuser-Busch and Falls Distributing admitted that the use of longneck bottles as weapons in bars was certainly reasonably foreseeable, Anheuser-Busch and Falls Distributing had a legal duty to protect her from being assaulted in such a situation. While we agree with Gann that it is reasonably foreseeable that a longneck bottle might be used as a weapon, she has failed to show why the general principle that no person has a legal duty to protect another from the criminal acts of a third person is inapplicable in this case. Gann bears the burden to establish that the trial court committed reversible error. *See* TEX.R.APP.P. 44.1 (stating that no judgment may be reversed on appeal absent a showing of harm); *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992)(stating that complaining party needs to show harm to obtain reversal). We have no obligation – or even right – to perform an independent review of the record and applicable law to determine whether there was reversible error because, by doing so, we would abandon our role as neutral adjudicators and become an advocate. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex.App.--Amarillo 2003, pet. denied). Gann was therefore required to have submitted a brief containing a clear and concise argument, with appropriate citations to authority, to persuade us that the trial court committed reversible error by granting summary judgment against her on her negligence claims. *See* TEX.R.APP.P. 38.1(h), (i)(requiring an appellant to provide a clear and concise argument supported by citations to authorities). Otherwise, she risked having her complaint waived on appeal for inadequate

8

briefing. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.)(holding that when appellate issues are unsupported by argument or lack citation to legal authority, nothing is presented for appellate review).

Gann has failed to discharge her obligation. Rather than address why the principle that no person has a legal duty to protect another from the criminal acts of a third person is inapplicable, Gann chooses instead, in a portion of her brief encompassing only one-and-one-half pages, to cite to authority supporting her contention that foreseeability is the key to concluding duty exists here. Immediately thereafter, Gann proclaims, in two sentences, that since Anheuser-Busch and Falls Distributing were aware that longneck bottles can be used as weapons, they therefore owed her a duty to protect her from such reasonably foreseeable misuse. In another portion of her brief encompassing four pages, Gann recites the facts, without any citations to the record, that she believes are relevant to her negligence claims against Anheuser-Busch and Falls Distributing. She then asserts, without citation to persuasive authority or any reasoned analysis, that Anheuser-Busch and Falls Distributing could have eliminated the risk of her assault occurring by choosing, respectively, not to manufacture longneck bottles and not to distribute beer in such bottles. Because Gann failed to brief her points of error adequately and failed to advance any meaningful argument in support of them, she has waived her complaints on appeal and presents nothing for our review. *See* TEX.R.APP.P. 38.1(h), (i); *Hernandez*, 318 S.W.3d at 466.

In light of the forgoing, we hold that that the trial court did not err by granting summary judgment for Anheuser-Busch and Falls Distributing on Gann's negligence claims. Gann's second and third points of error are overruled.

**CONCLUSION**

Having overruled Gann's three points of error, we affirm the trial court's order granting summary judgment in favor of Anheuser-Busch and Falls Distributing.


July 25, 2012

                                    CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.


10