In The
 Court of Appeals
 Seventh District of Texas at Amarillo

--------------------------------------------------------------------------------
No. 07-13-00304-CV
 
 CHOICE ASSET MANAGEMENT, INC., APPELLANT
 V.
 CIT TECHNOLOGY FINANCING SERVICES, INC., APPELLEE 
 
--------------------------------------------------------------------------------
On Appeal from the 250th District Court
--------------------------------------------------------------------------------
Travis County, Texas
--------------------------------------------------------------------------------
Trial Court No. D-1-GN-11-000209, Honorable Tim Sulak, Presiding 
 
 September 11, 2013
 
 MEMORANDUM OPINION
 
 Before bQUINN, C.J., and HANCOCK and PIRTLE, JJ.
 
 Pending before the court is an appeal from a final summary judgment entered against Choice Asset Management, Inc. (Choice) and awarding damages to CIT Technology Financing Services, Inc. The damages represent a sum due CIT under an equipment lease executed and breached by Choice. Choice proffered us a brief containing numbered paragraphs akin to a pleading filed in federal court. Each paragraph appears to assert one or more contentions. Upon addressing the contentions uttered, we affirm the summary judgment. 
 Paragraphs 1-11
 Via paragraphs one through eleven, Choice generally complains about the trial court failing to sustain its objections to summary judgment evidence presented by CIT. The complaints are quite global. We construe them as attacks upon the purported conclusory and hearsay nature of the evidence supporting CIT's summary judgment motion. But, the manner of their presentation was and is problematic. Those uttered in paragraphs one through eleven of Choice's brief contain no citation to authority. And, though general reference is made to various pages of the record, seldom did Choice specify the particular portions of the evidence it deemed inadmissible or hearsay or conclusory. So too do they generally lack substantive analysis. Indeed, one could characterize them as ipse dixit, that is, unsupported statements based solely on the authority of the individual making them. 
 And, even if aspects of those contentions were accurate, Choice fails to explain why the inaccuracies would mandate reversal of the judgment. It is not enough to simply decry error; the burden lies upon the appellant to illustrate why that supposed error is of consequence. See Kennamer v. Estate of Noblitt, 332 S.W.3d 559, 563 (Tex. App. - Houston [1[st] Dist.] 2009, pet. denied). In other words, Choice had the obligation to establish that the so-called errors negated CIT's entitlement to summary judgment as a matter of law. Id. It may well be that some utterances in an affidavit may be conclusory or hearsay; yet, if they are immaterial then CIT may still have been entitled to the relief it sought. Choice fell short of proving it was entitled to judgment as a matter of law. 
 Simply put, it is not our obligation to supply the substance of an argument or find legal authority for the contentions offered. Bullock v. American Heart Ass'n, 360 S.W.3d 661, 665 (Tex. App. - Dallas 2012, pet. denied). The task is that of the appellant. Tex. R. App. P. 38.1(i) (requiring the brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); Bullock v. American Heart Ass'n, 360 S.W.3d at 665. Should he fail to perform that duty, then his complaints are waived due to inadequate briefing. Id. So, given Choice's failure to comply with its briefing duties, the contentions in paragraphs one through eleven are waived. 
 Also interspersed within the first eleven paragraphs of Choice's brief is the assertion that allegations contained in CIT's live pleadings raised material issues of fact. However, pleadings are not summary judgment evidence. Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660-61 (Tex. 1995). Thus, unsworn allegations contained therein cannot serve to create issues of fact.
 Within the same litany of paragraphs, Choice also complains about CIT failing to prove that it repossessed and sold (for purposes of mitigating its damages) a piece of equipment labelled x242. We find this of no moment because the lease agreement did not obligate CIT to repossess or dispose of the equipment; the right was optional. So, it was not incumbent upon CIT to prove that it repossessed and disposed of all equipment before recovering damages. 
 As for the allegation in paragraph 11 about exhibits C-2 through C-4 attached to the affidavit of Robert Mitchell being hearsay and unauthenticated, Choice does not dispute that they were copies of documents it provided CIT via discovery. This is of import since a party's own production of evidence in response to written discovery authenticates the document for use against the producing party, unless that party objects to its authentication by "stating the specific basis for the objection." Tex. R. Civ. P. 193.7. So too must the objection "have a good faith factual and legal basis." Id. The written objections tendered by Choice below were non-specific and bereft of allusion to any factual basis. The same omissions appear in its brief here. So, Choice failed to preserve its error and illustrate that the trial court erred in rejecting its complaint. 
 Nor does Choice dispute that exhibits C-3 and C-4 are copies of documents it generated and reflect payments made under the lease. Why they are not tantamount to admissions by a party opponent and, therefore, excluded from the hearsay rule, see Tex. R. Evid. 801(e)(2) (providing that statements are not hearsay if offered against a party and are the party's own statement), goes unmentioned. Given the non-existent briefing by appellant on the issue, we see no reason why the trial court could not have considered it an admission by Choice of what it paid. 
 Paragraph 12
 In paragraph 12, Choice contended that "the trial court erred also in failing to find that the Plaintiff did not establish that its disposition of the collateral in question was done in good faith and in a commercially reasonable manner under either TEX. BUS. & COM. CODE ANN. § 2A.527, § 2A.528 or § 9.626, and § 9.627." The foregoing quoted statement constituted the sum and substance of Choice's argument. It too is an instance of deficient briefing resulting in the waiver of the issue. See Tex. R. App. P. 38.1(i); Gann v. Anheuser-Busch, Inc., 394 S.W.3d 83, 89 (Tex. App. - El Paso 2012, no pet.) (stating that the failure to adequately brief an issue by presenting argument supporting it results in its waiver).
 We also note that to the extent Choice invokes § 2A of the Texas Business and Commerce Code as some defense, Choice expressly "waived any and all rights conferred upon a renter by Article 2A" in the lease it signed. Statute authorized such a decision. See Tex. Bus. & Com. Code Ann. § 2A.503(a) (Vernon 2009) (stating "[e]xcept as otherwise provided in this chapter, the lease agreement may include rights and remedies for default in addition to or in substitution for those provided by this chapter and may limit or alter the measure of damages recoverable under this chapter."). Thus, it cannot invoke that which it waived, especially when it fails to attack the waiver. 
 We also find it problematic that the references to "good faith" and "commercially reasonable" in § 2A.527 allude to the disposition of equipment after default pursuant to another lease. Tex. Bus. & Comm. Code Ann. § 2A.527(b) (stating that "[e]xcept as otherwise provided with respect to damages liquidated in the lease agreement (Section 2A.504) or otherwise determined pursuant to agreement of the parties (Sections 1.302 and 2A.503), if the disposition is by lease agreement substantially similar to the original lease agreement and the new lease agreement is made in good faith and in a commercially reasonable manner, the lessor may recover from the lessee as damages . . .") (Emphasis added). Nothing of record suggests that any equipment which CIT may have disposed of upon the default of Choice occurred via another lease arrangement. 
 As for the reference to §§ 9.626 and 9.627 of the Business and Commerce Code, they apply to security interests. Tex. Bus. & Com. Code Ann. § 9.109 et seq. (stating that the chapter applies to security interests). As with its other arguments, Choice failed to explain why obligations pertaining to the enforcement of security interests in chattel controlled the actions of a lessor (that is, CIT) under the lease at issue. So, it again failed to carry its appellate burden of illustrating the presence of error. 
 Paragraph 13
 Via paragraph 13 of its brief, Choice again alludes to the purported obligation about disposing of the equipment in a commercially reasonable manner under chapter 2A of the Business and Commerce Code. And, it again fails to explain why an obligation dependent upon a disposition via a lease applies to a situation wherein there was no such disposition. Nor does the record at bar illustrate why such an obligation would apply.
 Paragraph 14
 Via paragraph 14, Choice again suggests that a material issue of fact exists regarding the damages due CIT. It does so by again comparing allegations in CIT's live pleadings to factual representations appearing within an affidavit accompanying the motion for summary judgment. But, again, pleadings are not summary judgment evidence. So, its effort to use them as a way of creating a material issue of fact is meaningless. 
 Moreover, we have reviewed the summary judgment evidence accompanying CIT's establishing the quantum of damages due from Choice and found no inconsistency or material issue of fact. CIT proffered evidence illustrating the amount due and explained how it arrived at the sum. The trial court awarded it that sum. 
 Paragraphs 15 & 16
 Via paragraphs 15 and 16, Choice again complains of CIT's supposed failure to show what disposition was made of various pieces of equipment and whether that disposition was made in a commercially reasonable manner. And, we overrule these contentions for the same reasons mentioned in disposing of the arguments under paragraph 12 of its brief. It is again conclusory, fails to illustrate that CIT had either a contractual or statutory obligation to repossess or dispose of the equipment, and neglects to show why the obligation to act in a commercially reasonable manner applied here. 
 Paragraph 17
 Via the next paragraph, Choice complains that the trial court erred in failing to "sustain Defendant's special exceptions to the global challenge to Defendant's affirmative defenses and failure to recognize that Defendant had amended its affirmative defenses [] which plaintiff never replied to or addressed in any reply to defendant's response to Defendant's motions." Why those special exceptions should have been sustained goes unexplained. Thus, the argument is inadequately briefed and waived. 
Paragraph 18
 Next, Choice complains that the trial court erred in denying its affirmative defenses of illegality, deceptive trade practice, and unconscionability and improper disclosure under § 35.53 of the Texas Business and Commerce Code. And, as before, the litigant fails to explain why the contract is illegal, what deceptive trade practices supposedly were committed, how CIT's conduct was unconscionable and what disclosure was purportedly required and omitted. Again, it is not our duty to flesh out or otherwise develop the appellant's issue. The burden is Choice's to illustrate its entitlement to relief. Simply saying that the trial court erred and tossing in a cite to some general opinion or statute (like Choice does here) is not enough. Thus, the issue was inadequately briefed and, therefore, waived. 
 Paragraph 19
 Via paragraph 19, Choice makes a global complaint about the presence of fact issues and CIT's supposed failure to perform conditions precedent to recovery. What those fact issues and conditions are go unexplained. Again, we are left to guess at them, which leads us to again conclude that the briefing supplied was inadequate. 
 Paragraph 20
 Choice's final contention pertains to "newly discovered evidence" purporting to substantiate the presence of fact issues. However, it also represents that it "had no opportunity to present this evidence prior to the original hearing or before the deadline to file its motion for new trial due to the fact the newly discovered facts only came into the possession of Defendant Choice and its attorney after the time for filing its motion for new trial had expired." In suggesting that the new information somehow warrants reversal, Choice provides us with no authority supporting the notion that evidence obtained after entry of judgment and the expiration of the deadline for filing a motion for new trial can be used to attack a summary judgment. Nor do we know of any such authority. 
 In sum, each issue is overruled, and the summary judgment is affirmed.

 Brian Quinn
 Chief Justice