

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00713-CV

Mark A. **ARZOLA**,
Appellant

v.

**ACM PROPERTIES, LP,** BAC Home Loans Servicing LP f/k/a Countrywide Home Loans
Servicing LP, and Mortgage Electronic Registration Systems, Inc.,
Appellees

From the 201st District Court, Travis County, Texas
Trial Court No. D-1-GN-10-003670
The Honorable Stephen A. Yelenosky, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

This is an appeal from a trial court's orders granting both traditional and no evidence

summary judgment in favor appellees ACM Properties, LP ("ACM"), BAC Home Loans

Servicing, LP f/k/a Countrywide Home Loans Servicing LP ("BAC"), and Mortgage Electronic

Registration Systems, Inc. ("MERS").  On appeal, appellant Mark A. Arzola challenges the

granting of the summary judgments.  We affirm the trial court's judgment.

**BACKGROUND**

In December 2006, Arzola obtained a home loan from Priority Home Mortgage, L.P ("Priority"). The loan was secured by a note payable to Priority as well as a deed of trust designating MERS as both nominee for Priority and beneficiary under the deed. In late 2009, Arzola defaulted on his loan and received a notice of default from BAC on December 21, 2009, which by this time was servicing the loan for the current note holder.

MERS subsequently assigned the note and the deed of trust to BAC. Pursuant to the terms of the assignment, it became effective March 24, 2010. Arzola failed to cure the default, and in early April 2010, BAC served Arzola with a notice of acceleration and notice of trustee's sale. At the trustee's sale on May 4, 2010, ACM purchased the property.

Thereafter, Arzola filed suit against ACM, BAC, and MERS. Arzola asserted claims against all three for fraud, negligent misrepresentation, and wrongful foreclosure. In addition, Arzola asserted against BAC and MERS claims for violations of the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act. ACM, BAC, and MERS filed traditional and no evidence motions for summary judgment. Prior to the summary judgment hearing, Arzola amended his petition, adding a request for injunctive relief and a claim under section 12.002 of the Texas Civil Practice and Remedies Code, the fraudulent lien statute. Ultimately, the trial court entered orders granting summary judgment in favor of ACM, BAC, and MERS. Arzola then perfected this appeal.

**ANALYSIS**

*Inadequate Briefing*

This appeal involves multiple motions for summary judgment with extensive attachments. Rule 38.1(i) specifically states that an appellant's brief must contain clear and concise arguments with appropriate citations to authorities *and to the record*. TEX. R. APP. P. 38.1(i) (emphasis

added).  Arzola's brief contains conclusory arguments unsupported by specific citations to the record.  The Texas Supreme Court has specifically held that "[t]he Texas Rules of Appellate Procedure require adequate briefing."  *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing).  Failure to satisfy the briefing requirements of Rule 38.1(i) waives the issue on appeal. *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. filed).

Numerous appellate courts, including this court, have held issues were waived in summary judgment cases where the appellant failed to provide citations to the appellate record in the brief. *See, e.g., Torres v. Garcia*, No. 04-11-00822-CV, 2012 WL 3808593, at *3 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.); *Gann v. Anheuser–Busch, Inc.*, 394 S.W.3d 83, 87–88 (Tex. App.—El Paso 2012, no pet.); *Meachum v. JP Morgan Chase Bank, N.A.*, No. 05-08-00318-CV, 2011 WL 477885, at *2 (Tex. App.—Dallas Feb. 11, 2011, pet. denied) (mem. op.); *Stephens v. Dolcefino*, 126 S.W.3d 120, 129–30 (Tex. App.—Houston [1st Dist.] 2003), *pet. denied*, 181 S.W.3d 741 (Tex. 2006); *Trebesch v. Morris*, 118 S.W.3d 822, 825 (Tex. App.—Fort Worth 2003, pet. denied).  In *Gann v. Anheuser–Busch*, appellant attempted to challenge a summary judgment in a products liability and negligence action.  394 S.W.3d at 85.  With regard to the products liability claim, the court noted the appellant's argument consisted of conclusory allegations unsupported by citations to the record.  *Id.* at 88–89.  The court held "[t]he failure to provide citations to the record in a brief . . . results in the waiver on appeal of the contentions made."  *Id.* at 89.  Based on brief waiver, the court overruled the appellant's point of error.  *Id.*

Similarly, in *Torres v. Garcia*, this court was faced with an appeal from a summary judgment in which appellant failed to provide any record citations within his discussion of an issue. 2012 WL 3808593, at *3.  We held we were within our authority to hold the issue was waived due

to inadequate briefing. *Id.* This court reached this same decision on *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.), overruling an issue for failure to provide record citations, among other things.

As an appellate court, it is not our duty to perform an independent review of the summary judgment record for evidence supporting an appellant's position. *Priddy v. Rawson*, 282 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Rather, the duty rests with the appellant to cite to the record to support his arguments. *See Dunn v. Bank-Tec South*, 134 S.W.3d 315, 327 (Tex. App.—Amarillo 2003, no pet.). Were we to undertake this task, we would be abandoning our role as neutral adjudicators and become an advocate for the appellant. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). As stated by this court in *Blake v. Intco Investments of Tex., Inc.*, "[a]s an appellate court, we are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance." 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (citing *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied)).

Given Arzola's failure to provide a single record citation in this summary judgment case, we hold his issues are waived due to inadequate briefing.

### *Summary Judgment*

If the court were to attempt to consider Arzola's complaints, we can glean but two issues: (1) the trial court erred in granting the no evidence motions for summary judgment because there had been inadequate time for discovery; and (2) summary judgment was improper because BAC had no authority to enforce a non-judicial foreclosure.

### *Inadequate Time for Discovery*

Arzola contends the trial court should not have granted a no evidence motion for summary judgment because there had not been adequate time for discovery. The Texas Rules of Civil

Procedure require that an adequate time for discovery pass before a party moves for a no evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). In determining whether adequate time for discovery has passed, we examine: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). The rule does not require that discovery be completed, only that there was adequate time for discovery. *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 67 (Tex. App.—San Antonio 2010, no pet.); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Further, when a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Rankin*, 319 S.W.3d at 67; *see Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996).

As noted above, Arzola fails to point to any place in the record showing he filed either an affidavit explaining the need for further discovery, or a verified motion for continuance before either summary judgment hearing. We have reviewed the record and can find neither an affidavit nor a verified motion for continuance.

Arzola argues the parties have not had time to conduct adequate discovery to examine the details of the claim; however, the record does not reflect even a single attempt at formal discovery by Arzola during the applicable discovery period. Based on the record, we conclude: (1) Arzola did not file the required affidavit and motions for continuance, *see Rankin*, 319 S.W.3d at 67, and (2) that Arzola had adequate time for discovery before consideration of the no evidence summary

judgment motion. *See Martinez*, 40 S.W.3d at 591. We therefore find Arzola's contention that the no evidence summary judgment should be reversed on the basis of inadequate time for discovery without merit.

*Authority to Enforce the Note*

Arzola also seems to contend summary judgment was improper because the documents provided by BAC to establish its right to judgment as a matter of law, i.e., documents to validate its right to foreclose, actually provide conclusive proof that BAC did not have a right to enforce non-judicial foreclosure. The arguments and authority used by Arzola seem to suggest he is relying on what the Fifth Circuit Court of Appeals has recently referred to as the "split-the-note" theory. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (applying Texas law). Under the split-the note theory, a party seeking to foreclose can do so only if the party holds both the note and the deed of trust. Failure to hold either negates foreclosure authority. *See Martins*, 722 F.3d at 254. The theory is based on a 1972 case from the Supreme Court, *Carpenter v. Longan*, 83 U.S. 271, 274 (1872). In that case, the Court held "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, *while an assignment of the latter alone is a nullity*." *Carpenter*, 83 U.S. at 274 (emphasis added). We find no support, with regard to this case, for Arzola's reliance on this theory.

First, the Fifth Circuit held that reliance on *Carpenter* in cases like Arzola's is misplaced and inapposite because the Court was addressing Colorado territorial law and federal common law. *Martins*, 722 F.3d at 254. Further, the Texas Supreme Court, citing *Carpenter*, held that it is a "settled principle that a mortgage securing a negotiable note is but an incident to the note *and partakes of its negotiable character*." *West v. First Baptist Church of Taft*, 71 S.W.2d 1090, 1098 (Tex. 1934) (holding that a bona fide holder of a note is also a bona fide holder of the deed of trust

- 6 -

executed to secure it) (emphasis added).  Because the incidental deed of trust is negotiable like the note it secures, it is an instrument that may be transferred "for the purpose of giving the person receiving delivery the right to enforce the instrument."  TEX. BUS. & COM. CODE ANN. § 3.203 (West 2013).  Therefore, the supreme court's interpretation of *Carpenter* does not support Arzola's contention.  *See West*, 71 S.W.2d at 1098–99.  Second, and most importantly, even if there were some merit to the "split-the-note" theory, Arzola's complaint would still be without merit because the summary judgment evidence establishes that in this case MERS assigned BAC both the note *and* deed of trust.  Accordingly, contrary to Arzola's contention, BAC's summary judgment evidence established its authority to foreclose, even under a "split-the-note" theory.

## CONCLUSION

Based on the foregoing, we hold Arzola waived his issues due to inadequate briefing, and even if not waived, the issues are without merit.  We therefore affirm the trial court's judgment.

Marialyn Barnard, Justice